152    554
23 SC ²491

## Commonwealth *v.* Saulsbury, Appellant.

[Marked to be reported.]

*Criminal law—Extortion—Definition of.*

Extortion at common law is the unlawful taking, by any officer, by color of his office, of any money or thing of value that is not due him, or more than is due, or before it is due.

*Liability of person assuming to act as officer.*

Any person who acts as an officer, and has assumed an officer's duties, cannot avoid liability by pleading the irregularity of his appointment; and he may be convicted at common law of the offence of extortion.

*Deputy constable under act of May 9, 1889.*

A deputy constable appointed under the act of May 9, 1889, is not an officer of the commonwealth within the provisions of the act of March 31, 1860, § 12, providing a penalty for the crime of extortion.

Defendant was appointed deputy constable for Manor township. The order of court specified that he " is appointed deputy constable of Manor township in accordance with the terms and provisions of the act of 9th of May, 1889, and that he shall exercise and possess all the powers of police-men of the cities of the commonwealth and that said appointee shall be wholly paid by 'private subscriptions, and the county of Armstrong, or the township of Manor shall in no way be responsible for his compensation." *Held*, that he was not liable under the act of March 31, 1860, § 12, but that he might be convicted of extortion at common law if the evidence justified it.

*Evidence—Indictment—Different offences.*

It is not competent, as a general rule, upon the trial for one offence to permit evidence to be given of another distinct and independent offence.

Where a person is indicted for extorting money from three persons named in the indictment, it is error to admit evidence that he extorted money from a fourth person not named in the indictment.

Argued Oct. 12, 1892. Appeal, No. 226, Oct. T., 1892, by defendant, Jerome Saulsbury, from judgment of Q. S. Armstrong Co., June T., 1892, No. 59, on verdict for Commonwealth. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Indictment for extortion. The first count charged that defendant, by virtue and color of his office of deputy constable of Manor township, did extort, receive and take illegal fees from John Bunke, Zeboster Ross and Simon Wagner while under arrest on a warrant or warrants. The second count charged defendant with extorting illegal fees from the same persons while under arrest without a warrant.

At the trial, before RAYBURN, P. J., the commonwealth offered to prove by Zeboster Ross that one Wm. Serf was arrested, and in the custody of Jerome Saulsbury, the defendant, and that the witness and Simon Wagner paid money to secure his release.

Defendant objects: 1. Because the best evidence of the de-

fendant's arrest would be the production of the justice's record.   2. The indictment does not charge that Wm. Serf was arrested or any money extorted from him.   Objection overruled and exception. [1]

The witness then testified as follows: "John Bunke and Wm. Serf had a difficulty at Bunke's.   Saulsbury was called in and arrested [Serf].   This was on Saturday night.   Bunke wanted to make information, but it being Saturday night Saulsbury told him that the 'Squire had gone home and to wait until Monday morning.   Saulsbury took Serf to his boarding house.   On the next day, Sunday, I and Simon Wagner acting for Serf went to see Saulsbury to settle the matter.   He said he had nothing to fix.   Wagner paid Saulsbury $2.00.   I met Saulsbury afterwards on pay day and paid him $2.00 more for Serf."

Cross-examined: "Wagner and me went to Saulsbury and said we wanted to get that trouble fixed up.   He told us that he had nothing to fix.   Wagner paid him money, $2.00.   I met him on the street afterwards and paid him more, in all $4.00, paid it for Serf.   Was not arrested or was Wagner.   No information was made against me or Wagner."

Defendant's points were as follows :

" 1. The testimony in the case showing that neither Ross, Bunke nor Wagner were ever arrested or brought before Esq. Nelson, or any of their money was extorted from them, there can be no conviction of the defendant."   Refused. [2]

" 2. The testimony in this case only showing that a certain Wm. Serf was arrested and that if any money was paid it was the money of Wm. Serf, this proof does not sustain the allegations in the indictment."   Refused. [3]

" 3. The testimony showing that Jerome Saulsbury, the defendant, was appointed a deputy constable under the act of May 9, 1889, he is not such an officer of the commonwealth as comes within the provisions of the act of March 31, 1860, § 12." [Refused.]   June 15, 1892, objection overruled and exception granted to defendant. [4]

The court charged as follows :

" If you believe the evidence on part of the commonwealth you can convict the defendant in manner and form as he stands indicted." [5]

Verdict, guilty on first count, not guilty on second count

Sentence, $25 and two months in Allegheny county workhouse. Defendant appealed.

*Errors assigned* were, (1) ruling on evidence; and (2–5) instructions; quoting bill of exception, evidence and instructions, but omitting answer to 3d point.

*W. D. Patton, M. F. Leason* and *Austin Clark* with him, for appellant.—Under the act of May 9, 1889, P. L. 156, the defendant had the authority to exercise all the powers of policemen of cities of this commonwealth. In other words he was nothing more or less than a policeman. A policeman is not one of the officers named in the act of 1860, § 12, Penal Code: Purdon Dig., page 403, pl. 16.

A law constituting a crime must be strictly and literally interpreted: Respublica v. Weidle, 2 Dal. 88. The act of 1860 refers only to such officers who have some fee or reward as is or shall be allowed by some act of assembly. A policeman is but a peace officer, with the power but to obey the commands of his superior. He is not a public officer: Com. v. Stokely, 20 W. N. 315.

An indictment must set forth every fact necessary to constitute the offence; it must be certain to every intent and without any contrary intendment: Brightly's Dig., page 483, pl. 99.

On the trial of an indictment, a variance between the evidence and the indictment is fatal. It places the defendant at a disadvantage; when prepared to meet one charge, he is, without notice, confronted by another: Com. v. Garver, 16 Phila. 468. Allegata and probata must agree: Clark v. State, 37 Ga. 191. The grand jury are the constitutional accusers whose business it is to specify the particulars of their accusation: Com. v. Rupp, 9 Watts, 114.

*H. N. Snyder*, for appellee.—Defendant's first assignment of error relates to evidence offered in support of the charge contained in the second count, and there being no conviction on the second count, defendant was not prejudiced by the evidence admitted. The crime charged was extortion, and for that purpose was entirely competent.

Defendant had all the power of a constable as a peace officer, and is as much an officer of this commonwealth as if elected by the vote of the citizens. He is certainly entitled to the

same fees as a constable, duly elected, for like services. The commonwealth is not complaining that he demanded and received such fee, but that he demanded and received a greater fee. Here the defendant was acting under the commission and seal of the court. The court had jurisdiction under the act of assembly to issue its commission; the defendant was certainly an officer of this commonwealth and subject to the provisions of the act of March 31, 1860, § 12.

OPINION BY MR. CHIEF JUSTICE PAXSON, January 3, 1893 :

The appellant was indicted and convicted in the court below of the offence of extortion. It appears that on the 23d of December, 1889, he was appointed deputy constable for Manor township. His appointment specified that he "is appointed deputy constable of Manor township in accordance with the terms and provisions of the act of 9th of May, 1889, and that he shall exercise and possess all the powers of policemen of the cities of the commonwealth and that said appointee shall be wholly paid by private subscriptions, and the county of Armstrong, or the township of Manor shall in no way be responsible for his compensation."

Upon the trial in the court below the learned judge admitted the evidence of Zeboster Ross, under objection by the defendant, to prove that one William Serf was arrested, and in the custody of Jerome Saulsbury, the defendant, and that the witness and Simon Wagner paid money to secure his release. The admission of this evidence forms the subject of the first specification of error.

We think the evidence should have been excluded. The indictment charged that the defendant had extorted money from John Bunke, Zeboster Ross, and Simon Wagner, while they were under arrest, under a warrant issued by Esquire Nelson. There was no charge of having extorted money from Mr. Serf, and it was error to permit evidence in regard to him to go to the jury. We cannot, of course, say how far this evidence may have influenced the jurors, but it is not competent, as a general rule, upon the trial for one offence, to permit evidence to be given of another distinct, independent offence For this error the judgment must be reversed.

The second specification is not sustained. There was evi-

dence that Bunke had been arrested on a warrant by the defendant on information of one Peter Schrite. This specification is based upon an erroneous statement of the facts. This remark applies equally to the third specification.

The fourth specification alleges that the court below erred in its answer to the defendant's third point. The point is as follows : " The testimony showing that Jerome Saulsbury, the defendant, was appointed a deputy constable under the act of 9th of May, 1889, he is not such an officer of the commonwealth as comes within the provisions of the act of 31st of March, 1860, section 12."

The answer of the court was " objection overruled and exception granted to defendant." Assuming that this answer was intended to refuse the point we think it was error. The language of the act of assembly is : " If any justice, clerk, prothonotary, sheriff, coroner, constable, or other officer of this commonwealth, shall willfully and fraudulently receive or take any reward or fee to execute and do his duty or office, but such as is or shall be allowed by some act of assembly of this commonwealth," etc. We do not think the defendant was an officer of this commonwealth within the meaning of this act of assembly. He was merely a policeman of the township of Manor, exercising all the powers of a policeman in cities of this commonwealth. The order of the court appointing him to this position expressly provides that in accepting the said appointment the said appointee shall be paid wholly by private subscriptions, and that the county of Armstrong, or the township of Manor, shall be in no way responsible for his compensation. While the act of assembly designates him as a deputy constable, it does not clothe him with the powers of a constable, but, in terms, confines his powers to those of a policeman.

While we think the learned judge below should have affirmed this point, we do not see that its refusal could have injured the defendant. While not an officer within the meaning of the act of 1860, it does not follow that he may not be convicted of extortion. Extortion at common law is the unlawful taking by any officer, by color of his office, of any money or thing of value that is not due him, or more than is due, or before it is due : 7 Am. & Eng. Ency. of Law, 585. In general it may be said that any officer, whether he be a federal, state, municipal, or

a judicial officer, and that every person occupying an official or a quasi official position, may be guilty of this offence. In England there is an instance of a conviction of a church warden, Roy v. Eyres, 1 Sid. 307; and of a collector of post horse duty, Rex v. Higgins, 4 Car. & P. 247; and that an attorney is an officer of the court, and may commit extortion: Adams v. Savage, Holt's K. B. 179; Troy's Case, 1 Mod. 5. An officer de facto may commit the offence: 2 Bishop's Criminal Law, section 392. Any person who acts as an officer, and has assumed an officer's duties, cannot avoid liability by pleading the irregularity of his appointment.

If there was extortion in this case it was done under color of office, and under all the authorities this is sufficient to sustain an indictment at common law, and for this the defendant may be convicted, if the evidence justifies it, even if not liable under the statute.

The judgment is reversed, and a venire facias de novo awarded.