## Commonwealth *v.* Wilson, Appellant (No. 2).

*Criminal law—Extortion—Public officers—Police captain—Bribery.*

Where the conduct of a captain of police is tantamount to the assertion and use of his official authority as a cover for an act whereby he obtains a pecuniary reward to which he is not entitled, the officer may be convicted of extortion at common law.

Argued Oct. 9, 1905.   Appeal No. 65, April T., 1906, by defendant, from judgment of Q. S. Allegheny Co., March T., 1905, No. 607, on verdict of guilty in case of Commonwealth v. James Wilson.   Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Indictment for extortion at common law.   Before Mc-CLUNG, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* were in refusing binding instructions for defendant, and in refusing point quoted in opinion of the Superior Court.

*John S. Ferguson*, with him *W. J. Brennen*, for appellant.

*John Marron*, with him *R. E. Stewart*, district attorney, and *John C. Haymaker*, for appellee.

OPINION BY RICE, P. J., January 13, 1906:

The indictment upon which the defendant was tried and convicted was the same, except as to dates and the person who is alleged to have paid the money, as that upon which he was convicted in the succeeding case in which we herewith file an opinion. The two appeals involve practically the same questions and were argued together. In the present case the commonwealth alleged, and adduced evidence from which a jury could find, that one Daisy Hess, a prostitute, desired the defendant's permission to open the premises No. 60 Robinson street, as a house of prostitution, and deposited with Mrs. Freshman, the intermediary who figured in the other case, $50.00 to be given to the defendant for such permission, he being then one of the two captains of police in the city of Allegheny where the premises were situated; that a short time afterwards, Mrs. Freshman having in the meantime spoken to him about the matter, the defendant sent for Daisy Hess to come to the house of Mrs. Freshman, and there questioned her as to her ability "to run a house," and upon her answering that she thought she was capable or she would not undertake it, he told her "to go ahead and try it;" that shortly afterward, Mrs. Freshman took the defendant into the hall of her house and put the $50.00 in his pocket; and that Daisy Hess, acting on the permission the defendant undertook to give, opened, and for a time conducted, a house of prostitution at the premises referred to. The incriminating allegations above recited were positively denied by the defendant.

The two matters assigned for error are, first, the refusal of the court to charge "that even if the testimony of the commonwealth is believed the defendant is not guilty of extortion as alleged in the indictment;" second, the refusal to charge

that under all the evidence the verdict ought to be for the defendant.

Even if the evidence would not warrant a conviction of extortion, the indictment was broad enough to sustain a conviction of common-law bribery, if the evidence warranted it, and we all think it was sufficient, if believed by the jury, to sustain that charge.   See Commonwealth v. Warren, 20 W. N. C. 378, cited in Commonwealth v. Brown, 23 Pa. Superior Ct. 470 at p. 492; also, cases cited in note 63, 4th Bl. Com. 139, Lewis's Ed.   Therefore, whatever may be said of the charge of extortion, the refusal of the second point was right.   But we are not·convinced that under no view of the evidence which a jury might take could the defendant be convicted of common-law extortion.   We have discussed the law bearing upon that subject in the other case and will not go over the ground again. But as has been said in that case so we think it may be said here : The defendant had no lawful authority to grant Daisy Hess the privilege she sought, and it is not claimed that he declared in so many words that he had such authority, but his conduct, if the testimony of the commonwealth's witnesses is to be believed, might well be found by a jury to be tantamount to the assertion and use of his official authority as a cover for his act, whereby he obtained a pecuniary reward to which he was not entitled.   The test is whether the money was taken by color of his office, Commonwealth v. Saulsbury, 152 Pa. 554, and for the reasons given in the discussion of that subject in the succeeding case we are of opinion that the evidence was sufficient to warrant a finding that it was so taken.

The judgment is affirmed, and it is ordered that the appellant forthwith appear in the court below and by said court be committed for the term of his imprisonment which had not expired at the time this appeal was made a supersedeas.