Opinion by
Arnold, J.,
The defendant, an inspector in the office of Fire Marshal in the City of Philadelphia, was convicted on fifteen counts of an indictment charging extortion.
The Act of 1911, P. L. 705, 53 PS §3591 et seq., established the office of Fire Marshal in the City of Philadelphia, and provided for the appointment of the Fire Marshal and assistants and inspectors. Pursuant as the statutory authority the city provided for the posi *517 tion of fire marshal inspector to which the defendant was appointed by the director of public safety after he had passed a civil service examination. The defendant was not required to take an oath of office and he filed no bond.
Various ordinances of the city regulated the installation of gasoline and fuel oil storage tanks.[1] In general, these ordinances forebade any gasoline or fuel oil storage tanks to be installed without a license from the mayor. Before issuing such license, the mayor was required to have a certificate of approval of the installation by the Fire Marshal. Begulations of the Fire Marshal required that installation plans be first submitted to the assistant fire marshal or the inspector in whose district the installation was proposed. It was the duty of the inspector to approve any plan submitted if it complied with the regulations of the office. On the basis of that approval the Fire Marshal or chief assistant gave the applicant an “approval slip” which was presented to the mayor’s office as evidence of the Fire Marshal’s approval. Upon the payment of a license fee of $5.50 to the Beceiver of Taxes, the receipted bill became, or served as, a license.
No fees of any kind were authorized to be taken by the Fire Marshal or any of his staff.
The defendant admitted at the trial that any applicant for a license had to file the inspector’s approval before he could obtain the Fire Marshal’s approval (114-a). While the defendant had no final authority to reject an application, he did have power to withhold his approval, and at the least to subject the applicant to the delay and expense of an appeal to a superior, who, incidentally, was corrupt: Commonwealth v. Gallagher *518 [the Fire Marshal], 165 Pa; Superior Ct. 553, 69 A. 2d 432. . .
.Following the criminal practice existing in the office of the Fire Marshal, this defendant, too, required applicants to pay him, usually at the rate of one cent- per gallon of the storage capacity of the tank, before he would approve. See Commonwealth v. Gallagher, supra; Commonwealth v. Hopkins, 165 Pa. Superior Ct. 561, 69 A. 2d 428.
. But one question is raised in this appeal: “Was the appellant, an Inspector employed in the Office of the Fire: Marshal of Philadelphia, indictable" or subject to Conviction for.textortion . . as an officer or person occupying an official or quasi-official position?” ■
• : .When the cáse went to: trial the indictment was for the statutory-crime of extortion under §318 of.The Penal Code of 1939, 18 PS §4318, i.e., extortion by a “public officer”- and it was doubtful whether the defendant was such. The indictment was'then amended'to charge: common law extortion in all of The counts.
. ■ Section 1101 of The Penal Code of 1939,-18 PS §5101, provides:' “Every, offense mow; punishable either-by the statute or common law of this Commonwealth and not specifically provided for by this act, shall continue to be an offense punishable as heretofore.” "-
In Commonwealth v. Saulsbury, 152 Pa. 554, 559, 25 A. 610, the Supreme Court, in referring to a deputy constable convicted of common law extortion, said: “While not an officer within, the meaning of' the act of 1860, it does not follow- that he may not be convicted of extortion. ■ Extortion at common law is the unlawful taking by an officer, by color of his office, of any money or thing of. value that is not due him, or more than is due, or before it is due: 7 Am. & Eng. Ency. of Law, 585. In general it may be said thát any officer, whether he be a federal, state, municipal, or a judicial officer, and that *519 every person occupying an official or. a quasi official position,- may be guilty of this offence. In England there is an instance of a conviction of a church warden, Roy v. Eyres, 1 Sid. 307; and of a collector of post horse duty, Rex v. Higgins, 4 Car. & P. 247 ; and -that an attorney is an officer -of the court, and = may commit extortion: Adams v. Savage, Holt’s K. B. 179; Troy’s Case, 1 Mod; 5. An officer de facto may commit the offence: 2 Bishop’s Criminal Law, section 392. Any person who acts as an officer, and has assumed an officer’s duties, cannot avoid liability by pleading the irregularity .of his appointment.” (Italics supplied.) The doctrine that common law extortion can-be.committed by a quasi-public officer is also stated in 35 C. J. S., Extortion, §9, and 22 Ain. Jur.', Extortion and Blackmail, §8.
Appellant’s duties were of a grave and important character and involved, the proper performance of some of the functions of government: Finley v. McNair et al., 317 Pa. 278, 281, 176 A. 10. If, in addition, he had been required to take oath' of office and to give bond, he would clearly have been a public officer: Commonwealth v. Gallagher, 165 Pa. Superior Ct. 553, 69 A. 2d 432. Under the facts here he is' a quasi-public officer. The "word “quasi” is usually construed to mean “as if” or “almost”[2] (see 35 Words and Phrases 619), a definition which exactly fits the position which the present défendánt occupied.
Under the facts determined by the verdict, thé' de; fendant unlawfully took or exacted money (to which he was not entitled) for the performance of his official duty. If he was less thán a piiblic officer hé was nevertheless more than a mere employe, i.e., he . was'a quasi-public officer and guilty of common law "extortion. ,
*520 The judgment and sentence in each appeal is affirmed, and it is ordered that the appellant appear in the court below at such time as he may there be called, and that he be by that court committed until he has complied with Ms sentences, or any part of them which had not been performed at the time each appeal was made a supersedeas.

 An ordinance of April 2, 1901, page 118, as amended by the ordinance of December 30, 1916, page 699, and the ordinance of January 4, 1935, page 4.

 Tiras a district attorney is a “quasi” judicial officer.