**UNITED STATES v. ALTMEYER et al.**

**Cr. A. No. 13799.**

United States District Court
W. D. Pennsylvania.
June 12, 1953.

Edward C. Boyle, U. S. Atty., Pittsburgh Pa., James W. Knapp, Department of Justice Washington, D. C., for the Government.

William J. Krzton and Esler W. Hays, Pittsburgh, Pa., for Frederick H. Altmeyer.

Joseph A. Rossi, and James F. Callahan, Pittsburgh, Pa., for Joseph S. Baysek, Jr.

Herman Lipsitz, Pittsburgh, Pa., for Stanley J. Barczak.

MARSH, District Judge.

The defendants Baysek and Barczak were indicted for extortion and, along with the defendant Altmeyer, for conspiracy to extort. The indictment alleges that on or about October 4, 1951, Altmeyer was a deputy collector of internal revenue and that Baysek and Barczak aided and abetted him in unlawfully, willfully and knowingly committing an act of extortion under color and pretense of his office.

Baysek and Barczak each filed a motion to dismiss the indictment.

In support of the motion Baysek filed a brief, adopted by Barczak, averring that the indictment should be dismissed "for the reason that it does not state sufficient facts to constitute an offense against the United States"; that the facts set forth therein "do not allege the necessary elements and ingredients to satisfy the definition of extortion as defined by our Courts"; and thus, being "vague and insufficient, ambiguous on its face," is fatally defective and should be dismissed.

We do not agree. Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides that the indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." In Miller v. United States, 3 Cir., 1931, 50 F.2d 505, at page 508, it is said: "The test is whether the indictment contains every element of the offense intended to be charged and sufficiently apprises the accused of what he will be required to meet, and, in case other proceedings are taken against him, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction."

Here, both counts of the indictment respectively alleged in the language

of the statute,[1] that the defendants therein named committed and conspired to commit an act of extortion. Cf. United States v. Sutter, 7 Cir., 1947, 160 F.2d 754. To this general characterization of the crime was immediately added the specific facts of the extortion attributed to them in these words:

"* * * by demanding and obtaining the sum of $4,101.18 from one Harry Feldman as additional taxes purportedly due and owing to the United States by the said Harry Feldman for the years 1948 and 1949."

Extortion is a well known common law crime. In short, it is the unlawful and corrupt taking by color of office of money that is not due.[2] The statute adopted the common law meaning[3] of extortion, and the indictment, following the statute, we think sufficiently informs the accused of the essential elements of the crime. The indictment also sufficiently informs them of the essential facts of the extortion by specifying the amount of money—not due—alleged to have been taken as taxes for the years 1948 and 1949, the name of the victim, and the time and place of the taking. Cf. Norris v. United States, 5 Cir., 1946, 152 F.2d 808, an indictment for robbery.

It seems that the chief quarrel of the defendants is with the sufficiency of the language used by the draftsman of the indictment in averring the facts. Even if the language were conceded to be lacking in technical accuracy and precision, the defects in that respect, since they do not warrant a dismissal, would be simply a matter of form and not of substance. Rule 52(a) Fed.Rules Crim.Proc.; Miller v. United States, supra.

■ In our opinion the indictment charges the defendants with the crimes of extortion and conspiracy to extort, and sufficiently informs them of the essential acts attributed to them in a manner which will enable them to adequately defend against the charge and plead their acquittal or conviction in bar.

The motions to dismiss the indictments will be denied.

1. "Whoever, being an officer, or employee of the United States or any department or agency thereof, * * * under color or pretense of office or employment, commits or attempts an act of extortion, shall be fined * * *." Title 18 U.S.C.A. § 872.

2. See Webster's New International Dictionary; United States v. Laudani, 3 Cir., 1943, 134 F.2d 847, footnote 1; United States v. Kemble, 3 Cir., 1952, 198 F.2d 889, footnote 10, in Judge Staley's dissenting opinion; United States v. Waitz, D.C.D.Nev.1876, 28 Fed.Cas.No.16,631,

page 386; Martin v. United States, 2 Cir., 1922, 278 F. 913, 917; Commonwealth v. Saulsbury, 1893, 152 Pa. 554, 25 A. 610; Commonwealth v. Nathan, 1928, 93 Pa. Super. 193, 197; 22 Am.Jur., Extortion and Blackmail, § 2; 35 C.J.S., Extortion, § 1.

3. For other instances where it is held that a federal statute adopted the common law meaning of a crime see: United States v. Patton, 3 Cir., 1941, 120 F.2d 73; United States v. Brandenburg, 3 Cir., 1944, 144 F.2d 656, 154 A.L.R. 1160; Levinson v. United States, 6 Cir., 1931, 47 F.2d 470.