UNITED STATES
v.
CHATTANOOGA CHAPTER, NATIONAL ELECTRICAL CONTRACTORS ASS'N, Inc. et al.
Cr. A. No. 10208.

United States District Court
E. D. Tennessee, S. D.
July 17, 1953.

Fred D. Turnage, Bernard M. Hollander, and Robert J. Asman, Washington, D. C., for plaintiff.

W. W. Haynes, Ben O. Duggan, Jr., H. G. B. King, and John Cameron, Chattanooga, Tenn., for defendants.

DARR, Chief Judge.

For decision in the motion to dismiss the indictment as to codefendants Earl W. Burnette and Local No. 175, International Brotherhood of Electrical Workers.

The motion complains of sundry defects in the indictment by setting out isolated portions thereof. But the indictment must be construed as a whole. The Court feels that it is unnecessary to consider each of the isolated defects alleged, but only consider those affecting the two questions the Court deems to be presented: (1) Do the provisions of the Clayton Act, 15 U.S.C.A. § 12 et seq., and the Norris-La Guardia Act, 29 U.S.C.A. § 101 et seq., render these defendants immune from prosecution under the indictment? (2) were the acts charged in the indictment done in the restraint of commerce among several states?

The indictment purports to charge a conspiracy in violation of the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note.

If the movants are not members of the conspiracy, they are not in the case. But if they are charged to be coconspirators, they are not to be judged by dismembering them and viewing their situation from the others. The actions of all conspirators are unitary. It may be that these defendants could be dismembered from the conspiracy if they are protected by the provisions of the Clayton Act and the Norris-La Guardia Act. The substance of the protection of these Acts, concerning the question under consideration, is that the anti-trust laws are not applicable to labor organizations while they are carrying out the

legitimate objects thereof. If it should appear that the action of the labor organization was solely to protect the interest of its members, even though it was a contribution to the violation of the Sherman Act, the labor organization would not be responsible. The indictment is not so restricted.

■ ·Certainly a labor union has the right to strike and picket for the advancement of its own interest and generally striking and picketing are not unlawful, but a union cannot do a lawful act to accomplish an unlawful purpose any more than any other responsible entity.

The indictment charges that over 90% of the electrical equipment sold and installed in the Chattanooga area is done by the codefendants and that the Union and its business agent install more than 90% of the electrical equipment sold and installed in said area.

The indictment further charges that to effect the unlawful purposes therein set out, the Union will refuse to supply union labor or will supply inferior and incompetent labor on any job not performed by the codefendants; that the Union will refuse to enter into labor contracts with others than the codefendants unless such others agree not to compete with codefendants; that the Union will not furnish labor to any electrical contractor outside the Chattanooga area for electrical work in the Chattanooga area which the codefendants wish to perform, or will supply outside contractors with inferior and incompetent labor; and that the Union will picket any construction job in the Chattanooga area on which the electrical contracting work is not supplied by defendant Union and will place on its "unfair" list any contractor who is awarded a contract for the sale and installation of electrical equipment in the Chattanooga area who does not use labor supplied by the defendant Union.

The Court concludes that the indictment charges a conspiracy in which these defendants are coconspirators and charges conduct against them to accomplish the unlawful purposes denounced by the Sherman Act.

It is unnecessary to undertake to cite a number of cases reviewed because one authority definitely settles the question. Allen Bradley Co. v. Local Union No. 3, 325 U.S. 797, 65 S.Ct. 1533, 89 L.Ed. 1939.

The question of whether the indictment charges a combination in restraint of commerce seems to be clearly answered by the verbiage therein contained. The indictment charges that the electrical equipment came to the other defendants by interstate movement, not only to their places of business, but to the site of its installation.

■ Under the Sherman Act, it is not necessary to show a continual flow in commerce concerning the commodities in question, but only necessary to show that the action of selling and installing electrical equipment was an integral part of, and necessary to, movement in interstate commerce. United States v. Northeast Texas Chapter, 5 Cir., 181 F.2d 30.

The amount involved in the interstate commerce is not material, if there was any portion thereof moving in commerce. United States v. Columbia Steel Co., 334 U.S. 495, 68 S.Ct. 1107, 92 L.Ed. 1533, rehearing denied 334 U.S. 862, 68 S.Ct. 1525, 92 L.Ed. 1781.

■ Even intrastate transaction, which affects interstate commerce, may properly be the subject of federal legislation. Pevely Dairy Co. v. United States, 8 Cir., 178 F.2d 363, certiorari denied 339 U.S. 942, 70 S.Ct. 794, 94 L.Ed. 1358.

Certainly the charge that equipment moved in interstate commerce to the point where it was installed is a charge that such equipment was moved in interstate commerce in connection with the contracts made, which contracts were alleged to be illegal and which, in consummation thereof, the Union is charged with unlawful conduct. These charges against the Union, if sustained, plainly make the Union a party to price fixing and elimination of competition.

As a matter of fact, the indictment charges that the defendants electrical contractors performed a substantial

512

amount of the total commerce carried on in connection with electrical sales of equipment to consumers and the installation thereof in the Chattanooga area. This within itself appears to be sufficient. United States v. Northeast Texas Chapter, supra.

 Therefore the Court concludes that the indictment clearly charges the Union and its business agent with a violation of the Sherman Act, in being a part of the combination acting in restraint of commerce, and that for such violation the Union and its business agent are not protected by the Clayton Act and the Norris-La Guardia Act.

The motion to dismiss is overruled.

Order accordingly.