**Commonwealth v. Donegan**

*Curtis C. Carson, Jr.,* for Commonwealth.

*Richard A. Sprague,* for defendant.

HAGAN, J., February 15, 1956.—Defendant was indicted and tried before the writer of this opinion sitting without a jury, and was found guilty of common law malicious mischief. The conviction was based upon the fact that defendant threw a brick through a plate glass window belonging to S. S. Kresge Company, destroying the window. Defendant filed a motion in arrest of judgment, which motion is now before the court.

The Commonwealth concedes that, although there are many specific types of statutory malicious mischief (see 18 PS §§4912-61), none of these statutes covers the facts of this case. Two basic issues are therefore presented: (1) Do the facts of this case constitute such an offense as would have been indictable at common law as malicious mischief, and (2) assuming they do, what is the effect of the passage by the legislature of numerous statutes dealing with specific types of malicious mischief, none of which covers the facts of the instant case?

With respect to the question of whether or not malicious mischief was a common law crime and, if so,

738

what elements were necessary to constitute the crime, one of the earliest Pennsylvania appellate cases on the point is Davis v. Commonwealth, 30 Pa. 421. The court there defined common law malicious mischief as "an injury to the rights of property", p. 423.

An even earlier Pennsylvania Supreme Court case dealing with malicious mischief is Commonwealth v. Taylor, 5 Binney 277. In that case defendant was charged with entering the dwelling house of another at night and making such a great noise that he frightened an occupant, causing her to have a miscarriage. The court held that these facts constituted the common law offense of malicious mischief. With respect to the nature of the crime of malicious mischief, Judge Brackenridge stated, at page 285:

". . . Why is it that a malicious mischief is indictable, but because it carries with it the *mala mens*, which is of the essence of a crime? The perpetrator may be regarded in some measure as *hostis humani generis*, and regardless of social duty. It requires that his conduct should be considered in a light of infamy, in a degree a malefactor, and be stigmatized as such, rather than as a mere *wrong doer* in trespass, and answerable only in damages. This is the real policy, and the principle at the bottom of the distinction."

There are numerous lower court cases holding that various fact situations constitute the common law offense of malicious mischief. Thus, in Commonwealth v. Lipshutz, 13 Dist. R. 682, Quarter Sessions Court of Philadelphia County, defendant was charged with damage to certain clothing patterns. The court held that, although there was no applicable statute, the facts constituted the common law offense of malicious mischief. Judge, later Justice, von Moschzisker stated as follows, at page 683:

"After an examination of the authorities cited and some original research, we have reached the conclu-

sion that in Pennsylvania the common law offence of malicious mischief to inanimate objects, the property of another, is made out where actual serious damage thereto is shown to have been committed with a willful and malicious purpose, under such circumstances as evidence a deliberate desire to do harm and injury, an absolutely wanton and reckless disregard of the rights of others, wickedness of heart toward others, or a spirit of revenge; for such conduct in the eyes of the law is dangerous and prejudicial to the whole people, and calls for regulation by punishment, whether committed by day or by night, openly or secretly."

The Lipshutz case was cited and followed in Commonwealth v. Rothenberger, 32 D. & C. 682, where the court held that the releasing by defendant of air from the tires of a truck constituted common law malicious mischief.

In Commonwealth v. Cunningham, 1 Dist. R. 573, the destruction of a carriage and sleigh of another was held to constitute common law malicious mischief, and in Commonwealth v. St. Clair, 29 Dist. R. 49, the destruction of a cap and sweater of another was held to be indictable as common law malicious mischief.

More recently, in the case of Commonwealth v. Baer, 73 D. & C. 197, defendant was charged with the destruction of an electrical wire belonging to another. The court there held that, although there was no specific statute covering such conduct, it nevertheless constituted malicious mischief at common law.

In Commonwealth v. Zaleski, 6 D. & C. 500, defendant was charged with breaking the door of, and causing other damage to, an automobile, the total damage amounting to $30. The court there held that these actions of defendant did not constitute common law malicious mischief. Although the court recognized the existence of malicious mischief as a common law offense, it held that defendant's conduct "must be

marked by some peculiar features to convert it from a trespass into a crime. It must evince a degree of moral turpitude dangerous to society; or must indicate a violation of some duty owing to the public; or must be done secretly or at night; or wantonly, such as cruelty to a domestic animal; or accompanied by a disturbance of the public peace", p. 500.

In Commonwealth v. Casperson, 14 W. N. C. 106. defendant was indicted for breaking and destroying a chair belonging to another. The court granted a motion to quash the indictment, but no opinion was written and no reason given in support of the court's action.

From our review of the foregoing cases, we have concluded that malicious mischief has long been a common law offense in Pennsylvania. While the essence of the crime is injury to property, every injury to property does not necessarily constitute malicious mischief. There must be some element of malice to convert it from a mere trespass into malicious mischief. Some acts of injury to property are by their nature so inconsequential that it would be absurd to call them a criminal offense. There are other cases in the borderline area, where it is questionable whether the element of malice exists. However, there are certain injuries to or destruction of property which are of such a nature that malice can be inferred from the act itself or from the manner in which it is committed. We conclude that the act committed by defendant in the instant case is clearly of this last type.

With respect to defendant's contention that the passage by the legislature of numerous statutes, which define specific acts or conduct as malicious mischief, negatives the existence of any common law crime of malicious mischief, we must consider sections 1101 and 1104 of The Penal Code of June 24, 1939, P. L.

872, 18 PS §§5101 and 5104. The former section provides:

"Every offense now punishable either by the statute or common law of this Commonwealth and not specifically provided for by this act, shall continue to be an offense punishable as heretofore."

By the literal wording of this section, defendant's conduct is punishable as common law malicious mischief for the reason that, as we have already decided, it would have been punishable as such at common law and it is not specifically provided for by statute.

Section 1104 of The Penal Code of 1939, 18 PS §5104, provides:

"In all cases where a remedy is provided or duty enjoined, or anything directed to be done by the penal provisions of any act of assembly, the direction of said act shall be strictly pursued; and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law in such cases, further than shall be necessary for carrying such act into effect."

This section only applies, however, where there is a statute which relates to specifically prohibited conduct. An example of the application of this section can be found in the cases dealing with the statutory crime of extortion by an "officer of this Commonwealth". Thus, in Commonwealth v. Saulsbury, 152 Pa. 554, and in Commonwealth v. Channing, 55 Pa. Superior Ct. 510, it was held that defendants therein were properly charged with common law extortion because, in a technical sense, they were not officers of the Commonwealth. In Commonwealth v. Clark, 123 Pa. Superior Ct. 277, on the other hand, a charge of common law extortion was held to be improper, because defendant was an officer of the Commonwealth, and that, therefore, he should have been indicted under the applicable statute.

Just as the existence of certain types of statutory extortion does not prevent a prosecution for common law extortion in a case not covered by statute, so the existence of specific types of statutory malicious mischief does not prevent a prosecution for common law malicious mischief in a case not covered by statute.

For the foregoing reasons, the motion in arrest of judgment is dismissed.