**UNITED STATES of America,**
**Plaintiff,**

v.

**Bennie HARVICK and J. C. Beattie,**
**Defendants.**

**Crim. No. 8640.**

United States District Court
D. North Dakota,
Southeastern Division.

Aug. 12, 1957.

Robert L. Vogel, U. S. Atty., Fargo, N. D., for plaintiff.

M. J. Clayburgh, Albuquerque, N. M., and William T. DePuy, Grafton, N. D., for defendants.

DAVIES, District Judge.

These proceedings stem from a pending criminal prosecution for income tax evasion involving the defendants, Harvick and Beattie. A Grand Jury returned a four count indictment against the two defendants under 26 U.S.C.A. § 145(b) of the Internal Revenue Code.

Count One charges Harvick with attempting to evade 1952 income taxes by filing false returns, and Count Two charges Harvick with attempting to evade 1953 income tax in the same manner.

Count Three charges Beattie with attempting to evade 1952 income tax by filing false returns, and Count Four charges Beattie with attempting to evade 1953 income tax in like fashion.

The defendants have moved to dismiss the indictment upon these grounds:

1. The indictment does not state facts sufficient to constitute an offense against the United States.

2. It charges two or more offenses but does not allege that they are of the same or similar character or part of a common scheme or plan as required by Rule 8(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

3. It does not allege that the defendants participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses as required by Rule 8(b).

■ With respect to the first ground, there has been judicial determination that an indictment charging the filing of an income tax return deliberately understating net income and the tax thereon adequately states an offense against the United States. Cave v. U. S., 8 Cir., 1947, 159 F.2d 464; United States v. American Stevedores, D.C.N.Y.1954, 16 F.R.D. 164.

■ With respect to the second ground both sets of counts, one with two and three with four, separately charging the offense of income tax evasion but for different years, as to each defendant, are certainly of the same or similar character and may be joined in a single indictment. United States v. Sullivan, 2 Cir., 1938, 98 F.2d 79; Cf., Slick v. U. S., 7 Cir., 1924, 1 F.2d 897, (consolidation of two indictments against one defendant for income tax evasion in different years).

■ With respect to the third ground we are confronted with a substantial question: Is an indictment objectionable which separately charges two defendants with income tax evasion without alleging any connection or participation of the defendants in the offenses?

This Court thinks such indictment is objectionable, but that severance of the defendants rather than dismissal of the indictment as sought here is the proper remedy. Kleven v. U. S., 8 Cir., 1957, 240 F.2d 270.

■ Dismissal of the indictment for misjoinder of defendants would be improper. United States v. Northeast Texas Chapter, National Electrical Contractors Ass'n, 5 Cir., 1950, 181 F.2d 30; Cf., Finnegan v. U. S., 8 Cir., 1953, 204 F.2d 105 (misjoinder of offenses).

In United States v. Welsh, D.C.D.C., 1953, 15 F.R.D. 189, 190, Judge Holtzoff makes this comment:

"Rule 8(b) in the second sentence permits the joinder in the same indictment if some defendants are charged only in one or more counts but all of the defendants are not charged in each count. But *the first sentence of Rule 8(b) limits the joinder of defendants in the same indictment only to situations where they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or*

offenses. In other words, *different unconnected offenses not arising out of the same series of transactions may not be joined in an indictment in which two or more defendants are charged.* There is good reason for that restriction. This is no technical limitation. The purpose is to prevent mass trials." (Italics supplied.)

This Court considers, therefore, that in the instant case Harvick and Beattie cannot properly be jointly prosecuted by a single indictment for offenses which are not alleged to be connected or to have arisen from the same transactions. Coco v. U. S., 8 Cir., 1923, 289 F. 33; but Cf., United States v. Manno, D.C.Ill., 1954, 118 F.Supp. 511, (sustaining an indictment containing separate counts of income tax evasion against individual defendants who were partners, as well as some counts against all the defendants, thus indicating a connection without specifically alleging the partnership).

■ It is realized that Rule 52(a) provides: "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." This Court feels the defect in this case cannot be disregarded on the present state of the record. The Court cannot assume a connection though it may exist in fact. The indictment here failing to allege that the defendants participated in one or more of the offenses charged is defective under Rule 8(b) for misjoinder of defendants.

■ The Court concludes that in the exercise of its discretion to avoid prejudice it should order severance on its own motion and direct separate trials of the defendants agreeable to Rule 14.

In so doing the parties hereto will understand that should it later appear in any future proceedings that the defendants might have been joined without prejudice in a single indictment, this Court, in the exercise of discretion to avoid unnecessary expense and delay, could consolidate the cases for a single trial pursuant to Rule 13.

In this connection the attention of counsel is directed to Turner v. U. S., 4 Cir., 1955, 222 F.2d 926, 932, (separate indictments for income tax evasion consolidated where it was stipulated that the two defendants were partners).

It is the opinion of this Court that the motion of the defendants to dismiss the indictment should be denied and that the Court on its own motion should order separate trials, one for the defendant Harvick on Counts One and Two, and another for the defendant Beattie on Counts Three and Four.

Counsel for the Government will prepare the necessary order in conformance herewith and transmit the same to the Clerk of this court.

It is so ordered.