UNITED STATES of America

v.

J. TIROCCHI & SONS, INC. Valentino Tirocchi, alias Vincent Tirocchi, alias.

Cr. Ind. No. 6662.

United States District Court
D. Rhode Island.

Sept. 6, 1960.

See also 187 F.Supp. 785.

**779**

Joseph Mainelli, U. S. Atty., Providence, R. I., for plaintiff.

Jacob S. Temkin, Benedetto A. Cerilli, Providence, R. I., Samuel A. Olevson, Amedeo C. Merolla, Providence, R. I., of counsel, for defendants.

DAY, District Judge.

This is an indictment containing twenty-two counts charging violations of Title 18 U.S.C.A. § 641. Counts I, III, VII, IX, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XXI, XXII charge all the defendants therewith, counts VIII, X and XX, the defendant J. Tirocchi & Sons, Inc., counts V and VI, the defendant Valentino Tirocchi, alias, and counts II and IV, the defendant Vincent Tirocchi, alias.

The defendants have moved to dismiss the indictment on the following grounds:

1. As to each of the counts, the indictment does not inform the defendants of the nature and cause of the accusation.

2. As to each of the counts, the indictment does not state facts sufficient to state an offense against the United States.

3. As to each of the counts, the indictment charges the commission of more than one offense against the United States.

4. Counts II, IV, V, VI, VIII, X and XX of the indictment are prejudicial and improper in that said counts join together one defendant with two defendants who are not accused in said counts.

5. Counts VII and XXII of the indictment improperly join alleged offenses in an attempt to allege the commission of a felony.

6. Counts VIII, X and XX of the indictment prejudicially and improperly join the individual defendants with the corporate defendant.

In support of grounds (1) and (2) the defendants in substance contend that each of said counts is legally insufficient in that each of said counts fails to allege expressly that the things of value claimed to have been received by the defendant or defendants named therein in violation of said statute were in fact stolen. Each of said counts does allege, however, that said defendant or defendants named therein received said things of value belonging to the United States "then and there well knowing that said things of value had been embezzled, stolen, purloined and converted from the United States". While it is true that good pleading would dictate that each of said counts should allege expressly that the things of value described therein were stolen from the United States, each of said counts does by necessary implication allege that said things of value were in fact stolen. Under the circumstances the omission of such express allegation is a defect of form only and is not ground for dismissal. Robertson v. United States, 5 Cir., 1948, 168 F.2d 294; Wendell v. United States, 4 Cir., 1929, 34 F.2d 92; Whitaker v. United States, 9 Cir., 1925, 5 F.2d 546; United States v. Altmeyer, D.C.Pa.1953, 113 F.Supp. 854.

In further support of these grounds defendants contend that the things of value alleged to have been received by them are insufficiently described. In my opinion this contention requires no discussion. See Myles v. United States, 5 Cir., 1948, 170 F.2d 443.

An indictment or count thereof is sufficient if it contains all the essential elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet so as to enable him to prepare his

defense and to plead the judgment therein in bar of any further prosecution for the same offense. United States v. Debrow, 1953, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 94; Hagner v. United States, 1932, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861; Duke v. United States, 5 Cir., 1956, 233 F.2d 897; Enrique Rivera v. United States, 1 Cir., 1932, 57 F.2d 816; United States v. Apex Distributing Company, D.C.R.I.1957, 148 F.Supp. 365. Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. provides that an indictment shall be "a plain, concise and definite written statement of the essential facts constituting the offense charged."

■ In my opinion each of said counts meets these requirements.

■ Ground (3) of the motion is, in effect, that each of said counts is duplicitous. There is no doubt that each count of an indictment must charge no more than one offense, and if more than one offense is charged in a single count, such count is subject to dismissal.

In paragraph "2" of Count I there is the following allegation:

"That throughout the periods of time hereinafter alleged J. Tirocchi & Sons, Inc., Valentino Tirocchi and Vincent Tirocchi, hereinafter referred to as the defendants, were engaged in a common scheme and plan to defraud the United States." This allegation is realleged in each of the succeeding twenty-one counts of the indictment.

Defendants contend that the foregoing paragraph charges the defendants with the crime of conspiracy and that since the succeeding paragraph of each count charges a substantive offense, to-wit, a violation of said Title 18 U.S.C.A. § 641, each such count is duplicitous. The Government asserts that said paragraph is designed merely to permit the joinder of the defendants under Rule 8(b) of the Federal Rules of Criminal Procedure and does not purport to charge any offense against the defendants. Rule 8(b) authorizes charging two or more defendants in the same indictment "if they are

alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

Here again good pleading would seem to dictate that the draftsman of this indictment should have followed the plain language of said Rule 8(b) in meeting its requirements for the joinder of the defendants. Instead he has employed other language to comply with said rule.

■ Notwithstanding this failure to employ the language embodied in said rule, I am of the opinion that the allegation of said paragraph "2" coupled with the allegations in each of said counts may fairly and properly be construed to allege the defendants to have participated in the same series of acts or transactions constituting the offenses charged in the indictment within the meaning and intendment of said Rule 8(b). The contention that each of said counts alleges more than one offense, although ingenious, is far-fetched, illogical and without merit.

■ Grounds (4) and (6) are that there is a misjoinder of defendants. Finding, as I do, that the defendants are alleged to have participated in the same series of acts or transactions constituting offenses against the United States, I conclude that there is no improper joinder of defendants. Robinson v. United States, 1954, 93 U.S.App.D.C. 347, 210 F.2d 29; United States v. Bachman, D.C.D.C.1958, 164 F.Supp. 898; United States v. Welsh, D.C.D.C.1953, 15 F.R.D. 189.

■ Moreover, if the indictment were subject to attack for misjoinder of defendants—which I think it is not—this would not be ground for dismissal. Kleven v. United States, 8 Cir., 1957, 240 F.2d 270; Finnegan v. United States, 8 Cir., 1953, 204 F.2d 105; United States v. Northeast Texas Chapter, 1950, 5 Cir., 181 F.2d 30; United States v. Harvick, D.C.N.D.1957, 153 F.Supp. 696; United

States v. Connelly, D.C.Minn.1955, 129 F.Supp. 786.

■■ The remaining ground of the defendants' motion, ground (5), is that counts VII and XXII improperly join alleged offenses in an attempt to allege the commission of a felony. In passing upon a motion to dismiss, it is not for me to speculate as to whether the Government can sustain the burden of proving the allegations of these counts. United States v. Raff, D.C.Pa.1958, 161 F.Supp. 276; United States v. Gilboy, D.C.Pa.1958, 160 F.Supp. 442; United States v. Silverman, D.C.Conn.1955, 129 F.Supp. 496. I must assume all well plead allegations to be true. In my opinion ground (5) does not warrant dismissal of counts VII and XXII at this stage of the proceedings.

In conclusion, the defendants' motion to dismiss is denied.

See also 187 F.Supp. 785.