**UNITED STATES of America,**
**Plaintiff,**

v.

**Luis D. LUGO, Cirilo Ortiz, and Hector Mercado, Defendants.**

**Cr. A. No. 65–CR–153.**

United States District Court
E. D. Wisconsin.

June 27, 1967.

Ted Warshafsky, Milwaukee, Wis., for Luis D. Lugo.

Andrew Reneau, Milwaukee, Wis., for Cirilo Ortiz.

Louis W. Staudenmaier, Jr., Milwaukee, Wis., for Hector Mercado.

## DECISION ON MOTION

MYRON L. GORDON, District Judge.

The defendant Mercado has moved to dismiss the indictment against him on the grounds that the indictment is defective because it joins him with two other defendants but does not disclose facts necessary to make joinder proper under Rule 8(b).

Rule 8(b) provides in part as follows:

"Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. * * *"

The movant points out that the first count charges Lugo and Ortiz jointly but makes no reference to Mercado. The latter is not referred to in Counts 2 or 3; the first references to him are in Counts 4 and 5. The indictment does not in any count link Mr. Mercado's acts with those of Lugo or Ortiz.

On the face of the indictment, it is not possible to find a connecting thread running between the three defendants. In addition, the indictment is not susceptible to a reasonable construction which would connect the acts of the three defendants by inference. See United States v. Welsh, 15 F.R.D. 189 (D.C., 1953); United States v. J. Tirocchi & Sons, Inc., 187 F.Supp. 778, 780 (D.C. R.I., 1960); and United States v. Godel, 4 Cir., 1966, 361 F.2d 21, 24.

The instant case is more like the indictment contained in United States v. Harvick, 153 F.Supp. 696 (D.C.N.D., 1957), where the Court found an indictment objectionable because it attempted to join two defendants for income tax evasion without alleging any connection between the defendants in the offense. See, also, United States v. Charnay, 211 F.Supp. 904 (S.D.N.Y., 1962).

■ It thus becomes clear that there has been an improper joinder of Mr. Mercado in this indictment. Mr. Mercado argues that the improper joinder under Rule 8(b) justifies the dismissal of the indictment as to him, but I am unable to find support for that contention. Where there has been improper joinder, the courts have followed one of two courses.

Some have relied on Rule 14 and, on the court's own motion, granted separate trials. See United States v. Harvick, supra. Other courts have interpreted Rule 8(b) to require severance without reference to Rule 14. See United States v. Charnay, supra.

It is my conclusion that there has been an improper joinder but that the defendant Mercado is not entitled to dismissal; he is entitled to severance under Rule 8(b). Counsel for Mr. Mercado may prepare an order for the Court's signature.