**UNITED STATES of America, Plaintiff,**

**v.**

**Eugene MORIARTY, Defendant.**

**UNITED STATES of America, Plaintiff,**

**v.**

**Lowell MORIARTY, Defendant.**

**Nos. 70–CR–42, 70–CR–85, 70–CR–43 and 70–CR–86.**

United States District Court, E. D. Wisconsin.

June 10, 1971.

David J. Cannon, U. S. Atty., Milwaukee, Wis., for plaintiff.

Cahill, Fox & Smith, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Numerous motions have been filed by the defendants in connection with the indictments brought against them in each of the above-entitled actions. In addition, the government has moved for consolidation. On November 6, 1970, this court, after a hearing, denied several motions to suppress which had been brought on behalf of the defendants.

In the cases numbered 70–CR–42 and 70–CR–43, the defendants are charged with income tax evasion, in violation of 26 U.S.C. § 7201, for the years 1963, 1964, and 1965. In cases 70–CR–85 and 70–CR–86, the indictments charge that the defendants, as officers of the Moriarty Manufacturing Co., attempted to evade payment of a part of the corporation's income taxes for the years 1963 and 1964, in violation of 18 U.S.C. § 2 and 26 U.S.C. § 7201; count III of the indictment in case 70–CR–86 also alleges that Lowell Moriarty subscribed to a false tax return for the year 1965, thereby violating 26 U.S.C. § 7206(1).

## I.  MOTIONS TO DISMISS

A total of eight motions to dismiss the indictments, or a portion of them, have been filed in the four actions. In each of the cases, a motion asks that the indictment be dismissed upon the ground that it "was based solely or substantially on evidence inadmissible at trial by reason of the hearsay rule and the best evidence rule, while direct testimony and the best evidence were readily at hand." The defendants have submitted affidavits with their motions asserting that certain documents and witnesses had been brought before a grand jury which had earlier indicted the defendants, and they were not presented to the different grand jury responsible for the instant indictments.

The defendants cite cases from the second circuit which are critical of the use of hearsay evidence before a grand jury. United States v. Arcuri, 405 F.2d 691 (2d Cir. 1968), cert. denied 395 U.S. 913, 89 S.Ct. 1760, 23 L.Ed.2d 227 (1969); United States v. Umans, 368 F.2d 725 (2d Cir. 1966), cert. granted 386 U.S. 940, 87 S.Ct. 975, 17 L.Ed.2d 872 (1967), cert. dismissed 389 U.S. 80, 88 S.Ct. 253, 19 L.Ed.2d 255 (1967). In spite of this criticism, however, the rule in this circuit is to the contrary. Recently, in United States v. Daddano, 432 F.2d 1119, 1125 (7th Cir. 1970), the court stated:

> "The fifth amendment requirement of indictment by a grand jury is not violated where 'all the evidence before the grand jury was in the nature of "hearsay".'" [Quoting from Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956).]

See also United States v. Braico, 422 F.2d 543, 545 (7th Cir. 1970), cert. denied 398 U.S. 912, 90 S.Ct. 1712, 26 L.Ed.2d 74 (1970); United States v. Bitter, 374 F.2d 744, 748 (7th Cir. 1967), rev'd on other grounds 389 U.S. 15, 88 S.Ct. 6, 19 L.Ed.2d 15 (1967).

The defendants do not suggest that there was an absence of probable cause before the grand jury. Furthermore, there is nothing now before the court from which it may be inferred that the government has intentionally withheld prior testimony to forestall impeachment at trial. United States v. Daddano, supra. In view of the foregoing, the defendants' motions to dismiss the indictments on the basis of the use of hearsay evidence will be denied.

In cases 70–CR–85 and 70–CR–86, the defendants seek dismissal of the first count of the indictments on the basis that "the indictment was not found within six years after the alleged offense was committed." The first count of each indictment charges that the defendants attempted to evade payment of income taxes for 1963 by filing a fraudulent tax return on March 3, 1964, on behalf of the corporation of which they were officers. Because the present indictments in 70–CR–85 and 70–CR–86 were returned on June 9, 1970, the defendants argue that the first counts are barred by the six-year period of limitations imposed by 26 U.S.C. § 6531.

Previously, on February 10, 1970, a grand jury had indicted the defendants for the same offenses which are now charged in the first count of the indictments in 70–CR–85 and 70–CR–86. The earlier indictments were dismissed on May 25, 1970, upon the government's own motion, "for the reason that the interest of justice demands no further prosecution." The government argues that the six-year statute of limitations is extended by 18 U.S.C. § 3288 "where, as in the instant case, there has been an irregularity with respect to the Grand Jury proceedings."

18 U.S.C. § 3288 provides, in part:

"Whenever an indictment is dismissed for any error, defect, or irregularity with respect to the grand jury * * * after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information * * * which new indictment shall not be barred by any statute of limitations."

The defendants assert that at no time did the government represent that the dismissals in the previous cases were the result of irregularities occurring with respect to the grand jury proceedings. When this fact is considered in conjunction with the statement in Rule 48(a), Federal Rules of Criminal Procedure, that a dismissal of an indictment "shall thereupon terminate" the prosecution, the defendants conclude, any subsequent indictment is foreclosed.

A statute of limitations is to be construed liberally in favor of a criminal defendant. Waters v. United States, 328 F.2d 739, 742 (10th Cir. 1964). Prior to 1964, 18 U.S.C. § 3288 provided for reindictment, notwithstanding the running of the period of limitations, "whenever an indictment is dismissed for any error, defect or irregularity with respect to the grand jury, *or is found otherwise defective or insufficient for any cause* * * *." (Emphasis added.) See United States v. Bair, 221 F.Supp. 171 (E.D.Wis.1963); United States v. Hoffa, 196 F.Supp. 25 (S.D.Fla.1961). However, as presently worded, § 3288 allows reindictment, with one exception, only after dismissal of an indictment for "error, defect, or irregularity with respect to the grand jury."

The government does not dispute the assertion that the sole ground advanced for its motions to dismiss the indictments in the first cases was "that the interest of justice demands no further prosecution"; however, it argues that such reason is broad enough to encompass irregularities in grand jury proceedings. It also urges that a dismissal pursuant to Rule 48(a) is generally "without prejudice." United States v. Chase, 372 F.2d 453, 463 (4th Cir. 1967).

In my opinion, the defendants' position must be sustained. Section 3288 is specific in its requirement that an oth-

erwise time-barred count can be allowed only if the earlier dismissal related to irregularities occurring in connection with grand jury proceedings. In the absence of a showing that the dismissal was for such reason, it cannot be held that the running of the period of limitations has been tolled. The prosecution's statement that the "interest of justice" required the dismissal in question is simply too sweeping to save the government's action. The defendants' motions to dismiss the first counts of the indictments in 70–CR–85 and 70–CR–86 will be granted. See United States v. Garcia, 412 F.2d 999 (10th Cir. 1969); cf. United States v. Porth, 426 F.2d 519 (10th Cir. 1970).

Finally, in cases 70–CR–42 and 70–CR–43, the defendants have moved to dismiss the indictments, alleging that persons other than those authorized by Rule 6(d), Federal Rules of Criminal Procedure, were present during the grand jury proceedings. These contentions, however, are discussed below in connection with the defendants' motions for disclosure of the grand jury minutes.

## II. MOTION TO CONSOLIDATE

The defendants seek an extension of time in which to file motions "as to joinder or severance of offenses and/or defendants" until such time as all other pretrial motions have been disposed of by the court. The government subsequently moved for consolidation of the four actions pursuant to Rule 13, Federal Rules of Criminal Procedure, which provides:

"The court may order two or more indictments or informations or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information."

In order to determine whether joinder of indictments or defendants, or both,

would be proper, it is necessary to refer to the standards found in Rule 8, Federal Rules of Criminal Procedure. Rule 8(a) governs joinder of two or more offenses charged against a *single* defendant, and provides that joinder is proper when the offenses "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." However, when two or more defendants are joined, Rule 8(a) is inapplicable and it is necessary to look to the somewhat different standards contained in Rule 8(b). In United States v. Welsh, 15 F.R.D. 189, 190 (D.C.1953), the court stated:

"[The] first sentence of Rule 8(b) limits the joinder of defendants in the same indictment only to situations where they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses. In other words, different unconnected offenses not arising out of the same series of transactions may not be joined in an indictment in which two or more defendants are charged. This is no technical limitation. The purpose is to prevent mass trials."

Subdivisions (a) and (b) thus are "mutually exclusive." 8 Moore's Federal Practice—Cipes, Criminal Rules ¶ 8.06, at 8–23 (1970).

In case 70–CR–42 Eugene Moriarty is charged with personal income tax evasion for the years 1963, 1964, and 1965, in violation of 26 U.S.C. § 7201; a similar offense is alleged against Lowell Moriarty in case 70–CR–43. However, the indictments in these cases contain little which would suggest that the offenses charged stem from the defendants' participation "in the same act or transaction or in the same series of acts or transactions." Rule 8(b). The fact that the acts alleged in cases 70–CR–42 and 70–CR–43 may be "of the

same or similar character," while a basis for joinder of offenses against a single defendant, is not enough to authorize consolidation of 70–CR–42 and 70–CR–43. See United States v. Lugo, 269 F.Supp. 757 (E.D.Wis.1967); United States v. Harvick, 153 F.Supp. 696 (N.D.1957); cf. Turner v. United States, 222 F.2d 926, 932 (4th Cir. 1955), cert. denied 350 U.S. 831, 76 S.Ct. 65, 100 L.Ed. 742 (1955); Orfield, Joinder in Federal Criminal Procedure, 26 F.R.D. 23, 26 (1960). On the face of the indictments, the defendants' offenses do not appear to be "so closely related in time, place and/or manner as to show a connection between them." United States v. Thomas Apothecary, Inc., 266 F.Supp. 890, 892 (S.D.N.Y.1967).

■ On the other hand, with the exception of an additional count in case 70–CR–86 involving only Lowell Moriarty, the indictments in cases 70–CR–85 and 70–CR–86 are identical to the extent that it may be inferred that the defendants participated in "the same act or transaction." It thus appears that consolidation of cases 70–CR–85 and 70–CR–86, under the standards outlined in Rule 8(b), would be proper. See Turner v. United States, supra; cf. United States v. Manno, 118 F.Supp. 511 (N.D. Ill.1954).

■ The motion for consolidation requires an examination of another alternative: consolidation of cases 70–CR–42 and 70–CR–85, and consolidation of cases 70–CR–43 and 70–CR–86. In cases 70–CR–42 and 70–CR–85 Eugene Moriarty is charged with violations of 18 U.S.C. § 2 and 26 U.S.C. § 7201; in cases 70–CR–43 and 70–CR–86 Lowell Moriarty is similarly charged, with the addition of a count alleging a violation of 26 U.S.C. § 7206(1).

The requirements of Rule 8(a) for the joinder of offenses against one defendant are summarized in United States v. Quinn, 365 F.2d 256, 263 (7th Cir. 1966), as follows:

"Joinder of two or more crimes in the same indictment is permissible only if one or more of the following three circumstances appear from the indictment: (1) the crimes must be the same or of similar character, (2) the crimes must be based on the same act or transaction, or (3) the crimes must be based on two or more transactions connected together or constituting parts of a common scheme or design."

The offenses charged against Eugene Moriarty in cases 70–CR–42 and 70–CR–85 are of a "similar character"; the same is true of the offenses charged against Lowell Moriarty in cases 70–CR–43 and 70–CR–86. In my opinion, consolidation of the two actions brought against each of the defendants would be both appropriate and desirable. Under this scheme of consolidation, two trials will be required; each defendant will be subjected to but one trial, and the government will be required to present its proof in two trials. There is no reason to believe that consolidation of cases 70–CR–42 and 70–CR–85 and the consolidation of cases 70–CR–43 and 70–CR–86 will result in prejudice to either of the defendants from the "interacting effect of evidence of each crime." See 8 Moore's Federal Practice—Cipes, Criminal Rules ¶ 8.06[1], at 8–25 (1970).

### III. MOTIONS RELATING TO GRAND JURY

As was noted at the end of section I of this decision, the defendants have moved to dismiss in cases 70–CR–42 and 70–CR–43 on the basis that unauthorized persons were present during the grand jury proceedings. The defendants subsequently moved for leave to substitute amended motions to dismiss, and for leave to file amended motions for disclosure of grand jury minutes in cases 70–CR–42 and 70–CR–43. In addition, motions have been submitted which seek the disclosure of grand jury minutes in cases 70–CR–85 and 70–CR–86.

With regard to the motions to dismiss, the government states in its brief that it

will provide "an appropriate affidavit stating that during the receipt of testimony no other persons were present in the Grand Jury Room"; the defendants state that such an affidavit will be acceptable. Upon the government's representation that it will provide the aforesaid affidavit, the defendants' motions to dismiss, to withdraw, and to substitute motions will all be denied.

■ As to the motions to allow inspection of grand jury minutes, this court will follow the procedure outlined in United States v. Cullen, 305 F.Supp. 695, 700 (E.D.Wis.1969), where it was stated that, in the absence of a showing of particularized need,

"[The] court deems it desirable that the defendant be permitted to examine grand jury minutes of proposed witnesses 24 hours before the trial."

See also United States v. Machi, 324 F. Supp. 153, 154 (E.D.Wis.1971). The defendants' motions for production and inspection will be denied.

## IV. MOTION TO INSPECT

The defendants have moved, pursuant to Rule 16(a) and (b), Federal Rules of Criminal Procedure, for an order permitting them to "inspect and copy or photograph" certain documents or other items, including any exculpatory evidence, in possession of the government and "necessary to the proper and adequate preparation" of their defense. However, in its brief in opposition to the defendants' motions, the government states that it "will make the investigative reports in connection with the respective cases available for inspection by the defendants and their counsel." The defendants have advised the court that this response is satisfactory. The defendants' motions for discovery and inspection would thus appear to be moot and need not be granted.

## V. MOTION FOR BILL OF PARTICULARS

The defendants have moved for a bill of particulars in each of the four cases, contending that the allegations in the indictment are "vague and indefinite." In general, the motions seek an order directing the government to specify the method by which it will attempt to prove "the alleged deficiencies in tax." In its brief, the government states that its proof will be by "specific items," as opposed to a showing of an increase in net worth or the use of bank deposits or cash expenditures.

In addition, the defendants' motions ask for a particularization of the items and amounts to be used by the government. The government has responded that it will make its investigative reports available to the defendants and their counsel. Like the motions for discovery and disclosure, the motions for bills of particulars also appear to be moot and need not be granted by the court.

## VI. CONCLUSION

Therefore, it is ordered that the defendants' motions to dismiss the first count of the indictment in cases 70–CR–85 and 70–CR–86 be and hereby are granted; it is also ordered that all of the defendants' other motions be and hereby are denied.

It is further ordered that the government's motion for consolidation be and hereby is granted only in the following respects: cases 70–CR–42 and 70–CR–85 shall be consolidated for trial, and cases 70–CR–43 and 70–CR–86 shall be consolidated for trial; in all other respects, the government's motion for consolidation be and hereby is denied.