**UNITED STATES of America, Appellant,**

v.

**Daniel MACKLIN, Defendant-Appellee.**

**No. 837, Docket 75-1419.**

United States Court of Appeals, Second Circuit.

Argued March 16, 1976.

Decided May 3, 1976.

ducive of tranquility and order in the relationship between management and labor.

Gary A. Woodfield, Asst. U. S. Atty., Brooklyn, N. Y. (David G. Trager, U. S. Atty., Brooklyn, N. Y., of counsel), for appellant.

Albert H. Socolov, New York City, for defendant-appellee.

Before MULLIGAN and GURFEIN, Circuit Judges, and WYZANSKI, District Judge.*

GURFEIN, Circuit Judge:

This is an appeal by the United States, pursuant to 18 U.S.C. § 3731, from an order of the United States District Court for the Eastern District of New York, Jacob Mishler, *Chief Judge*, which granted the motion of the defendant, Daniel Macklin, to dismiss the indictment on the ground that it is barred by the statute of limitations.

On May 16, 1973, appellee was indicted on 25 counts of violating 18 U.S.C. § 1010 by submitting false statements in applications for federally insured mortgages. On August 1, 1973, appellee, as part of a plea bargain, withdrew his plea of not guilty to two counts of the indictment and entered a plea of guilty to those counts. Thereafter, in *United States v. Fein*, 504 F.2d 1170 (2 Cir. 1974), we affirmed the dismissal of an indictment returned by a grand jury on the

ground that its term had been extended beyond the eighteen-month statutory term for regular grand juries. Appellee Macklin had been indicted by the same grand jury after its statutory term had expired. Appellee moved, on the basis of our decision in *Fein*, to withdraw his plea of guilty and to dismiss the indictment. On January 29, 1975, Judge Mishler granted both motions.

It was conceded by the Government that if Macklin had made a timely motion the original indictment should have been dismissed on the authority of *Fein*. Since the motion was not timely made, we had to determine whether the improper extension of the term of the grand jury, found in *Fein*, was merely a defect "in the institution of the prosecution," which may be raised only by motion before trial, Fed.R. Crim.P. 12(b)(1), or whether it amounted to a lack of jurisdiction, in which case it "shall be noticed by the court at any time during the pendency of the proceedings." Fed.R. Crim.P. 12(b)(2). We agreed with Chief Judge Mishler that the defect left the court without jurisdiction. *United States v. Macklin*, 523 F.2d 193 (2 Cir. 1975). We noted, however, that the defendant had been reindicted, and we added that "[w]e express no opinion on any matter affecting the second indictment." 523 F.2d at 197.[1]

■ Appellee then moved to dismiss the new indictment on the ground that it is barred by the statute of limitations. If the indictment is not saved by the provisions of 18 U.S.C. § 3288, the statute has, concededly, run. Section 3288, in pertinent part, permits reindictment of a defendant within six months after "an indictment is dismissed for any error, defect, or irregularity with respect to the grand jury."[2] Though

---

* Honorable Charles Edward Wyzanski, Jr., Senior District Judge for the District of Massachusetts, sitting by designation.

1. Appellee had been indicted on July 18, 1975 by another grand jury. This indictment is identical in all material respects with the earlier indictment which had been dismissed. See *Hughes v. United States*, 114 F.2d 285, 287 (6 Cir. 1940).

2. 18 U.S.C. § 3288 provides in full as follows:

"Whenever an indictment is dismissed for any error, defect, or irregularity with respect to the grand jury, or an indictment or information filed after the defendant waives in open court prosecution by indictment is found otherwise defective or insufficient for any cause, after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information, or, if no regular

the new indictment was filed within six months of the dismissal of the old indictment, the District Court dismissed the second indictment on the ground that the saving provisions of § 3288 were inapplicable to an indictment that had been dismissed as a nullity. We think the reindictment was proper and timely.

Section 3288 is a successor to former 18 U.S.C. § 587 which was enacted by Act of May 10, 1934, ch. 278, 48 Stat. 772. The purpose of former § 587 was explained by Attorney General Cummings as follows: "[L]egislation is recommended providing that in any case in which an indictment is found defective or insufficient *for any cause* . . . a new indictment may be returned . . . ." (emphasis added). Letter from Attorney General Homer Cummings to Senator Henry F. Ashurst, Chairman, Senate Committee on the Judiciary, reprinted in *United States v. Durkee Famous Foods, Inc.*, 306 U.S. 68, 71 n.2, 59 S.Ct. 456, 457, 83 L.Ed. 492, 495 (1939).

The 1934 Act referred only to defective or insufficient indictments without reference to the "grand jury." When § 578 was revised by Act of June 25, 1948, ch. 645, 62 Stat. 828, the 1948 codification placed emphasis upon the grand jury rather than upon the indictment alone. Thus, § 3288, as we have seen, now reads: "Whenever an indictment is dismissed for any error, defect, or irregularity *with respect to the grand jury* . . . ."(emphasis added).

We must look to the purpose of the saving clause. Surely, under the present clause, as under the old clause, "[t]he purpose [of the saving clause is] to extend the statute of limitations, so that a person who had been indicted under an indictment which, as it turned out, would not support a conviction, should not escape because the fault was discovered too late to indict him again." *United States v. Strewl*, 162 F.2d 819, 820 (2 Cir.), *cert. denied*, 332 U.S. 801, 68 S.Ct. 92, 92 L.Ed. 381 (1947).

In the light of the statutory purpose, we cannot read "irregularity" as a literal antonym to "lack of jurisdiction." That is particularly so since Congress in 1964 overruled *Hattaway v. United States*, 304 F.2d 5 (5 Cir. 1962), which had held that where the paper filed (an information) was a nullity because the defendant could be prosecuted only by indictment, the saving clause did not apply. In recommending the 1964 amendment, the Senate Report, S.Rep.No. 1414, 88th Cong., 2d Sess. (1964), reprinted in [1964], U.S.Code Cong. & Admin.News 3257, indicated that the purpose of the proposed amendment to § 3288 was to permit reprosecution by indictment of a defendant whose conviction had been vacated even when the court had been without jurisdiction to proceed under the original information.

■ We perceive no significant difference between proceeding on an information that was a nullity because only an indictment would suffice, and proceeding on an indictment that was a nullity because handed down by an invalid grand jury. While we do not wish to use the pejorative word "technicality" to describe appellee's argument, for it is not strictly applicable, we conclude that § 3288 was meant to apply whenever the first charging paper was vacated for any reason whatever, including lack of jurisdiction. The only statutory requirement is that the prosecutor obtain a new indictment within the six-month time limit. The United States Attorney availed himself of the saving clause and the new indictment should not have been dismissed.

Reversed.

grand jury is in session in the appropriate jurisdiction when the indictment or information is dismissed, within six calendar months

of the date when the next regular grand jury is convened, which new indictment shall not be barred by any statute of limitations."