# UNITED STATES of America

## v.

## Peter J. SERUBO, W. Thomas Plachter, Jr. and Donald H. Brown.

### Crim. No. 80–203.

United States District Court, E. D. Pennsylvania.

Nov. 12, 1980.

Ronald G. Cole, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Harvey Sernovitz, Philadelphia, Pa., for Serubo.

Louis W. Fryman, Philadelphia, Pa., for Brown.

Thomas A. Masterson, Philadelphia, Pa., for Plachter.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

Defendants were indicted on March 13, 1978, Crim. No. 78–71, on numerous counts of tax fraud, and one count of conspiracy to commit tax fraud, in violation of 26 U.S.C. §§ 7201, 7206(2) and 18 U.S.C. § 371. On April 29, 1980, Judge Newcomer dismissed this indictment without prejudice. *United States v. Serubo*, Crim. No. 78–71 (E.D.Pa. April 29, 1980). *See United States v. Serubo*, 502 F.Supp. 290 at 292 n. 2 (E.D.Pa. 1980) (Lord, C. J.) (*Zudick* plea bargain discussion). On July 2, 1980, a grand jury returned a second indictment, Crim. No. 80–203, charging almost identical violations of the Internal Revenue Code. Defendants move to dismiss this indictment, contending that it is time barred. For the reasons which follow, I will deny this motion.

The applicable statute of limitations is six years. 26 U.S.C. § 6531. However, under 18 U.S.C. § 3288, if an indictment is dismissed after the applicable statute of limitations has run, the Government has six months from the date of dismissal to reindict.[1] Defendants do not dispute that the present indictment was brought within six months of dismissal. However, they argue that the saving clause applies only to indictments which were dismissed because of technical irregularities. When, however, the indictment is dismissed because of intentional prosecutorial misconduct, defendants argue that 18 U.S.C. § 3288 is not available to "assist" the Government.

Section 3288 states in pertinent part:

Whenever an indictment is dismissed for any error, defect, or irregularity with respect to the grand jury, *or an indictment* or information filed after the defendant waives in open court prosecution by indictment *is found otherwise defective or insufficient for any cause*, after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information . . . .

18 U.S.C. § 3288 (emphasis added). The language is clear: if an indictment is dismissed *for any reason*, section 3288 can "save" a timely reindictment. The legislative history likewise supports this common-sensical reading. "The sections [§§ 3288 & 3289] concern cases where a new indictment is returned after a prior indictment has been dismissed, because of an error, defect, or irregularity with respect to the grand jury, *or because it has been found otherwise defective.*" [1964] U.S.Code Cong. & Ad. News, pp. 3257, 3258 (emphasis added).

In *United States v. Charnay*, 537 F.2d 341 (9th Cir.), *cert. denied*, 429 U.S. 1000, 97 S.Ct. 527, 50 L.Ed.2d 610 (1976) defendants

---

1. 18 U.S.C. § 3289 applies where the dismissal occurs before the applicable statute of limitations runs, but where the statute will run within six months of the dismissal period. It gives the Government six months from the date the statute would have expired to reindict. Here, § 3289 applies to the conspiracy count. The operative language in both sections is identical; accordingly my analysis of § 3288 applies to § 3289.

similarly argued that section 3288 applies only if an indictment is dismissed because of technical defects or irregularity in the grand jury. After a thorough analysis of the statutory language and the appropriate legislative history, the Ninth Circuit stated: "While the first clause of § 3288 appears to be aimed at dismissal resulting from irregularities in the grand jury, the second clause is much more general." *Id.* at 355. The court therefore held that the Government could reindict "where the dismissal of the first indictment is due to a legal defect." *Id. See also United States v. Macklin,* 535 F.2d 191, 193 (2d Cir. 1976) ("§ 3288 was meant to apply whenever the first charging paper was vacated for any reason whatever . . . .").

Defendants cite many cases to support their argument. However, none is dispositive. *United States v. Grady,* 544 F.2d 598, 601 n. 3 (2d Cir. 1976) does state that section 3288 "is available only if the dismissal is for technical defects or irregularity in the grand jury." Yet the issue in that case involved the effect of a *superseding* indictment on an indictment which had been returned within the appropriate statute of limitations. The statute of limitations had already been tolled; there was thus no reason to rely on section 3288 in order to "save" reindictment. The *Grady* discussion of section 3288 is therefore dictum. Surely such dictum cannot be read as to overrule *sub silentio* the *Macklin* holding — another Second Circuit case.[2]

Defendants also cite *United States v. Moriarty,* 327 F.Supp. 1045 (E.D.Wis.1971). *See also Grady,* 544 F.2d at 601 n. 3 (citing and relying upon *Moriarty*). *Moriarty* did hold that "[s]ection 3288 is specific in its requirement that an otherwise time–barred count can be allowed only if the earlier dismissal related to irregularities occurring in connection with grand jury proceedings." 327 F.Supp. at 1047–48. However, the

opinion did not fully quote section 3288, for it stated that "[p]rior to 1964, 18 U.S.C. § 3288 provided for reindictment, notwithstanding the running of the period of limitations, 'whenever an indictment is dismissed for any error, defect or irregularity with respect to the grand jury, *or is found otherwise defective or insufficient for any cause . . . .*' However, as presently worded, section 3288 allows reindictment, with one exception, only after dismissal of an indictment for 'error, defect, or irregularity with respect to the grand jury.' " *Id.* at 1047 (emphasis in original). As I noted, present section 3288 expressly provides for reindictment after dismissal "for any cause." *Moriarty* is therefore flawed because it ignored the pertinent words of the statute and thus did not adequately treat the statutory language. Hence I decline to follow it.[3]

I conclude that the plain language of sections 3288 and 3289 applies. Consequently I hold that dismissal of an indictment because of prosecutorial misconduct does not bar timely reindictment pursuant to sections 3288 and 3289. I will therefore deny defendants' motions to dismiss.

---

2. Defendants also rely on *United States v. DiStefano,* 347 F.Supp. 442 (S.D.N.Y.1972). *DiStefano* narrowly held that "where the indictment has been dismissed for failure to prosecute, reindictment is not possible once the statute of limitations expires." *Id.* at 444. However, the

case predates *Macklin* and therefore has very slight precedential value.

3. In any event, the *Moriarty* holding was discussed and rejected in the more recent Ninth Circuit *Charnay* opinion.