UNITED STATES of America,
Plaintiff-Appellant,

v.

Michael J. PELOQUIN and James J.
Edwards, Defendants-Appellees.

No. 86–1055.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 14, 1986.

Decided Feb. 18, 1987.

Mark E. Aspey, Phoenix, Ariz., for plaintiff-appellant.

Joe Keilp, Phoenix, Ariz., for defendant-appellee Edwards.

Michael B. Scott, Phoenix, Ariz., for defendant-appellee Peloquin.

Before KENNEDY and BOOCHEVER, Circuit Judges, and STEPHENS,* District Judge.

KENNEDY, Circuit Judge:

The federal statute of limitations requiring indictments to be brought within five years has a grace period, or saving clause, of an additional six months for certain cases. On this appeal, we consider whether a second indictment was within the limitations' saving clause and the relation of that clause to the Speedy Trial Act. The five-year indictment statute is at 18 U.S.C. § 3282; the relevant six-month savings clause is at 18 U.S.C. § 3288; and the Speedy Trial Act is at 18 U.S.C. §§ 3161–74. The district court ruled that the indictment in question is not saved by the six month extension period. We agree with that holding and affirm the judgment.

The first indictments in the case were timely, though preceded by a lengthy investigation of some four years. The indictments were returned by a grand jury on November 14, 1984, against Michael J. Peloquin, the appellee in the case now before us. Peloquin was charged with numerous crimes, including mail fraud, bribery of bank officials, and submission of false information to a federally insured bank.

Under the first indictments, trial was not set until October 16, 1985. Peloquin then made a successful motion to dismiss the

* Honorable Albert Lee Stephens, Jr., Senior United States District Judge, Central District of California, sitting by designation.

case on grounds that the Speedy Trial Act required the case to come to trial by October 15. The district court granted the motion to dismiss on Speedy Trial Act grounds on December 9, 1985, but exercised its discretion to dismiss the indictments without prejudice. Two days later, on December 11, 1985, the grand jury again returned indictments, identical to the original ones. All parties concede, however, that those indictments were more than five years after the last criminal act occurred, though within the six month saving period. The trial court ruled that the relevant savings clause was not applicable to the indictments and dismissed the case.

■ On this appeal, as in the district court, the government argues that the savings clause applies. We turn to its language. Section 3288 provides that: "whenever an indictment ... is found [ ] defective or insufficient for any cause, after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned ... within six months of the date of the dismissal...." The narrow issue becomes whether dismissal of the first indictments for non-compliance with the Speedy Trial Act was a finding that those indictments were "defective or insufficient for any cause." We hold that an indictment dismissed for a Speedy Trial Act violation is not "defective or insufficient" and so it is not within the savings clause.

We have had occasion to interpret section 3288 before. In *United States v. Charnay*, 537 F.2d 341 (9th Cir.), *cert. denied*, 429 U.S. 1000, 97 S.Ct. 528, 50 L.Ed.2d 610 (1976), the indictment did not state facts sufficient to constitute a crime, and we concluded dismissal of the indictment triggered the extension under section 3288. We decided section 3288 is meant to operate in exactly that situation. The savings clause prevents defendants from reserving legal challenges to indictments until after the applicable statute of limitations has run. We held that a challenge to the indictment for failure to allege facts that constitute a crime was a legal deficiency

with the indictment itself, and that section 3288 came into play. *Id.* at 355.

In *Charnay* we noted that the case stating the prevailing law on the statute is *United States v. Strewl*, 99 F.2d 474 (2d Cir.1938), *cert. denied*, 306 U.S. 638, 59 S.Ct. 489, 83 L.Ed. 1039 (1939) (L. Hand, J.). Although section 3288 has been amended in some respects, the language considered in *Strewl* and in *Charnay*, and before us here, has not changed. In *Strewl* the grand jury returned a second indictment, after the statute of limitations, alleging the same facts and crimes, though adding further defendants. Judge Learned Hand held that the reindictment did not trigger an extension of time, for there was nothing wrong with the original indictment. In fact, as the court noted, the indictments were identical, save for the additional defendants. *Id.* at 476–77. In such a case, one could not say the original indictment was defective or insufficient. We agreed with that analysis in *Charnay*, and we agree with it now.

In *Charnay* where, as already noted, we found the first indictment had been insufficient, we distinguished two district court cases which had concluded dismissal of an indictment for failure to prosecute did not trigger section 3288. *See United States v. Moriarty*, 327 F.Supp. 1045, 1047–48 (E.D. Wis.1971); *United States v. DiStefano*, 347 F.Supp. 442, 444–45 (S.D.N.Y.1972). We noted that those cases held that Speedy Trial Act dismissal cases did not involve a defect with the indictment itself. *Charnay*, 537 F.2d at 355. Having relied upon such a distinction in *Charnay*, we should not eschew it here.

*Strewl* and its progeny control this case. Here, as in those cases, the indictment was letter perfect. There was nothing defective or insufficient with it in form or substance. Extending the time in a case such as this would not further the goal of section 3288, which is to discourage defendants from delaying their motions to dismiss until after the statute of limitations has run. Unlike the defendant in *Charnay*, this defendant could not have made his

motion until after the five years had run. Refusing to apply section 3288 to Speedy Trial Act dismissals does not further manipulation by a defendant.

Nothing in our most recent case on section 3288 undercuts this analysis. In *United States v. Horowitz*, 756 F.2d 1400 (9th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 74, 88 L.Ed.2d 60 (1985), the defendant obtained dismissal of the original indictment because the prosecution negligently failed to present exculpatory evidence to the grand jury. We held that section 3288 operated to allow reindictment within the savings period. *Id.* at 1403–04. In a sense, the indictment was perfect but the proceedings flawed and, superficially, *Horowitz* may seem to resemble the case at bar. *Horowitz*, though, is distinguishable. The failure there rendered the indictment insufficient, for the grand jury proceedings contradicted its substance. That contradiction rendered the indictment insufficient within the meaning of the section. In the case before us, the indictment was neither insufficient nor defective, either by its own terms or with reference to the grand jury proceedings. It was simply out of time, and that does not suffice for the government to invoke the six months savings period of section 3288.

 The government has a fall back position. It argues that even if section 3288 does not operate to extend the time for indictment, the second indictment was nevertheless timely. The government argues that the original indictment was returned with twelve days left to run on the five year limitations period, and that those twelve days remain suspended, coming into operation only when the first indictment was dismissed. The government reasons that since the second indictment was returned within twelve days of dismissal of the first, the charge was not yet time barred. The government's argument is unsupported, resting as it does on *Utah v. American Pipe & Const. Co.*, 473 F.2d 580, 584 (9th Cir.), *aff'd,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1973), a case which is distinguishable. *American Pipe*

interpreted a statute of limitations, 15 U.S.C. § 16(b), on civil actions under the Clayton Act. That statute, however, explicitly provides that the limitation period is suspended by some event. No such explicit language in 18 U.S.C. § 3282 provides that the filing of an indictment suspends the statute. Since Congress has chosen, on occasion, to make explicit the suspension of limitation periods, yet chose not to do so in this instance, we cannot infer that the filing of an indictment suspends section 3282.

The government also argues that there are policy reasons for not giving defendants the chance to wiggle off the hook because of Speedy Trial Act dismissals. This may be so. But we are not in the business of drafting statutes. This task we leave to Congress.

The judgment of the district court is AFFIRMED.