**UNITED STATES of America,**

v.

**Alexander BORTNOVSKY a/k/a Sasha and Leonid Braz, Defendants.**

**No. 88 Cr. 71 (MBM).**

United States District Court,
S.D. New York.

April 26, 1988.

---

Robert J. Cleary, Asst. U.S. Atty., New York City, for U.S.

Joel Winograd, New York City, for Bortnovsky.

Michael H. Soroka, Stein & Garr, New York City, for Braz.

## OPINION AND ORDER

MUKASEY, District Judge.

The defendants have moved to dismiss Counts Three through Eight of the indictment as barred by the statute of limitations because the indictment was not returned within five years of the commission of the acts constituting the underlying offenses.[1] For the reasons set forth below, the motion is granted.

### I.

These defendants and one other were charged initially in indictment 86 Cr. 661 with various acts of racketeering and fraud in connection with an alleged scheme to collect insurance by committing arson and filing false theft claims. After these defendants were convicted at trial[2] before Judge Kevin Thomas Duffy, and sentenced

---

1. "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282.

2. A co-defendant, Naum Braz, brother of defendant Leonid Braz, was acquitted.

to substantial terms of imprisonment, their convictions were reversed for failure of the Government to provide a sufficient bill of particulars. *United States v. Bortnovsky*, 820 F.2d 572 (2d Cir.1987). Thereafter, the case was placed on the docket of Judge Mary Johnson Lowe who was in the midst of a lengthy and complex trial in *United States v. Salerno, et al.*, 86 Cr. 245 (MJL). Because no prospective Speedy Trial Act findings were made within 70 days of the remand as provided for in 18 U.S.C. § 3161(e), Judge Lowe had to dismiss the indictment on motion of the defendants, but did so without prejudice because the charges were serious, and the factors leading to the dismissal were entirely technical. Also, as she noted, the defendants remained silent and did nothing to demand a speedy trial until after the 70–day period had run. She dismissed the indictment without prejudice on January 19, 1988. Fourteen days later, on February 2, 1988, a grand jury filed the current indictment.

Count Four contains the earliest charge, and alleges that on August 26, 1981 mail was sent in furtherance of a fraudulent scheme. The other challenged counts allege conduct earlier than February 1983, five years before the current indictment was returned.

## II.

The Government argues as follows: The initial indictment, 86 Cr. 662, was returned on August 7, 1986, at which time there remained 19 days until the statute of limitations would have run on acts committed on August 26, 1981, the date of the conduct charged in Count Four. *United States v. Grady*, 544 F.2d 598 (2d Cir.1976), holds that "[o]nce an indictment is brought, the statute of limitations is tolled as to the charges contained in that indictment. *United States v. Feinberg*, 383 F.2d 60, 64–65 (2d Cir.1967) (dictum), *cert. denied*, 389 U.S. 1044, 88 S.Ct. 788, 19 L.Ed.2d 836 (1968); *Powell v. United States*, 122 U.S. App.D.C. 229, 352 F.2d 705, 707 n. 5 (1965) (dictum).... The statute begins to run again on those charges only if the indictment is dismissed...." *Id.* at 601. Accordingly, the statute of limitations stopped

running on August 17, 1986, with 19 days left to run as to Count Four, and did not resume running until indictment 86 Cr. 661 was dismissed on January 19, 1988. At that point, the Government argues, it had 19 days in which to reindict as to Count Four, and even longer as to the other counts. The current indictment having been secured within 14 days, the Government was within the deadline by at least five days.

Moreover, the Government adds, this reasoning works no injustice on the defendants. The purpose of the statute of limitations is to assure timely notice to a defendant that he must be prepared to answer charges. *United States v. Grady, supra.* During the pendency of indictment 86 Cr. 661, the defendants were on constant notice of their obligation to answer the charges. It would be unjust, the Government argues, to permit a wholly technical violation of the Speedy Trial Act, with resulting dismissal without prejudice, to have the result also of exempting these defendants from a trial on serious charges.

## III.

If I were writing on a slate inscribed only with the foregoing discussion, the Government's argument would be not merely appealing but dispositive. However, there is more to be considered.

The main obstacle to achieving the result the Government urges is 18 U.S.C. § 3288, which provides in pertinent part as follows:

Whenever an indictment is dismissed for any error, defect, or irregularity with respect to the grand jury, or an indictment ... is found otherwise defective or insufficient for any cause, after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information, or, if no regular grand jury is in session in the appropriate jurisdiction when the indictment or information is dismissed, within six calendar months of the date when the next regular grand

jury is convened, which new indictment shall not be barred by any statute of limitations.

If the Government were correct in its literal reading of *Grady*, the eventuality of an indictment "dismissed for any error, defect or irregularity with respect to the grand jury, or ... found otherwise defective ... after the period prescribed by the applicable statute of limitations has expired" could never come about. Once an indictment was timely filed, the statute of limitations would, in the Government's view, stop running, and there would be no need for Section 3288. That would be true even if that indictment were later found to have resulted from irregular grand jury proceedings or to have been itself defective. Rather, all that would be necessary would be 18 U.S.C. § 3289, which provides in identical fashion, *mutatis mutandis,* for what occurs when an indictment is found "defective or insufficient for any cause, *before* the period prescribed by the applicable statute of limitations has expired, and such period will expire within six calendar months of the dismissal of the indictment...." (emphasis added)

What Congress must be saying in 18 U.S.C. § 3288 is that whatever happens to the statute of limitations once an indictment is timely filed, if that timely indictment is dismissed, and the period of limitations would otherwise have run, it is only the statute that permits a new indictment to be filed. That being so, if an indictment is dismissed for some reason other than (i) an "error, defect, or irregularity with respect to the grand jury" or (ii) a finding that it is "otherwise defective or insufficient for any cause," there is no statute to prevent dismissal if the limitations period has run when the new indictment is returned. Since the Government does not argue here that dismissal for failure to meet a Speedy Trial Act deadline is dismissal because of a defect or insufficiency of the indictment itself, so as to invoke the saving provisions of 18 U.S.C. § 3288, it follows that counts charging behavior that occurred more than five years before February 2, 1988 must be dismissed.

Two courts have considered this issue, and reached the same conclusion. *United States v. Peloquin,* 810 F.2d 911 (9th Cir. 1987) dealt with a fraud indictment returned almost four years after the underlying events. After ensuing delays to a time more than five years after the underlying events, the initial indictment was dismissed on Speedy Trial Act grounds. Two days after that dismissal, the Government secured a new indictment, but to no avail. The Court held that 18 U.S.C. § 3288 did not apply, and that absent the saving clause in that statute the new indictment was untimely. Moreover, the tolling argument pressed by the Government here was considered and rejected in *Peloquin* and also in *United States v. Lytle,* 658 F.Supp. 1321 (N.D.Ill.1987), essentially for the reasons articulated above. To the Government's argument in *Peloquin* that "there are policy reasons for not giving defendants the chance to wiggle off the hook because of Speedy Trial Act dismissals," Judge (now Justice) Kennedy responded as follows: "This may be so. But we are not in the business of drafting statutes. This task we leave to Congress." 810 F.2d at 913.

What, then, of the language in *Grady* to the effect that "[o]nce an indictment is brought, the statute of limitations is tolled" and "[t]he statute begins to run again on those charges only if the indictment is dismissed."? 544 F.2d at 601. First, it is important to note that *Grady* dealt with a superseding indictment filed during the pendency of a timely indictment for the same acts, although more than five years after those acts occurred. Accordingly, the quoted language is dictum as to an indictment filed after an initial indictment is dismissed. It bears mention also that the two cases cited by the *Grady* court for the proposition that the statute of limitations is "tolled" when an indictment is brought— *United States v. Feinberg, supra,* and *Powell v. United States, supra*—both dealt with allegations of prejudice from pre-arrest delay; neither involved a timely indictment later dismissed.

Moreover, it is important as well to read further in *Grady* than the Government

does. The Court indeed wrote that the statute of limitations "begins to run again" if charges are dismissed, but added that "the Government must then reindict before the statute runs out or within six months, whichever is later, in order not to be time-barred." *Id.* In other words, the Court was talking there about a dismissal governed by 18 U.S.C. § 3288, not the sort of dismissal we have in this case under the Speedy Trial Act, which that section does not reach. This is confirmed by a footnote to the above-quoted language, in which the Court pointed out that the six-month extension provided by 18 U.S.C. § 3288 "is available only if the dismissal is for technical defects or irregularity in the grand jury." *Id.* at n. 3. In support of that statement the Court cited *United States v. Di-Stefano*, 347 F.Supp. 442, 444–45 (S.D.N.Y. 1972), and *United States v. Moriarty*, 327 F.Supp. 1045, 1047–48 (E.D.Wis.1971). In *DiStefano*, the Government had filed a timely indictment but was unable to locate a key witness. After several adjournments of the trial date, the indictment was dismissed. Soon afterward, and nine days after the statute of limitations ran, the missing witness was found, and the Government moved to reinstate the indictment. The district court refused, holding it lacked the power to do so "once the statute of limitations has run." 347 F.Supp. at 445. In *Moriarty*, the Government, after filing timely tax evasion indictments, apparently decided not to prosecute and moved to dismiss the indictments. Still later, the Government thought better of its second thought and reindicted the defendants, but did so after the statute of limitations had run. The Government sought refuge in 18 U.S.C. § 3288, but the district court denied it, finding that when dismissal was not for one of the reasons enumerated in that statute, "it cannot be held that the running of the period of limitations has been tolled." 327 F.Supp. at 1048. Again, those cases were cited with apparent approval by the Court in *Grady*, and make it plain that the Court was not establishing a "tolling" principle beyond 18 U.S.C. § 3288.

I am therefore constrained to reject the Government's reading of *Grady*, and to dismiss Counts Three through Eight of the indictment.