**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Scott K. CLAWSON, Defendant–Appellant.**

**No. 95–50034.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 1995.

Decided Dec. 27, 1996.

R. Brian Timmons, Latham & Watkins, Costa Mesa, CA, and William Braniff, Latham & Watkins, San Diego, CA, for defendant-appellant.

Jeffrey Issacs & George S. Cardona, Assistant United States Attorneys, Los Angeles, CA, for the plaintiff-appellee.

Before: FARRIS, BRUNETTI and KOZINSKI, Circuit Judges.

## OPINION

KOZINSKI, Circuit Judge.

We decide under what circumstances 18 U.S.C. § 3288 permits reindictment after dismissal of an indictment on statute of limitations grounds.

### I

Defendant was convicted of conspiracy and mail fraud for selling and collecting premiums on nonexistent insurance. In 1987, he was Vice President for Marketing [R.T. at 527] and supervised the underwriting department [R.T. at 721] at Rubell Helm Insurance Services, Inc. (RHIS). R.T. at 229 (testimony of Jeffrey Daly); 528 (testimony of Kathleen Helm). Between September 1987 and May 1988, RHIS landed three customers whose existing coverages were about to expire. The problem in each case was that little or none of the promised insurance was

---

in place when the clients' prior coverage ended. To the extent insurance was subsequently arranged for while Clawson was still at RHIS, it was invariably too little, too late. In each case, RHIS billed its clients for premiums and the clients sent money through the mail. R.T. at 2298. These mailings formed the basis of a series of mail fraud charges as well as a charge of conspiracy to commit mail fraud.

The grand jury handed down an indictment on June 10, 1993, [docket sheet at 20—3 Clawson ER]. and defendant promptly moved to dismiss the conspiracy count for failure to allege an overt act within the five-year statute of limitations. The district court initially ruled that Clawson had withdrawn from the conspiracy on July 5, 1988, by resigning from RHIS and warning clients of improprieties. The indictment, however, only alleged overt acts that occurred before June 10, 1988, outside the limitations period, or after July 5, 1988, at which point Clawson had already withdrawn. The district court therefore dismissed the indictment.

The government promptly obtained a First Superceding Indictment alleging overt acts within the window of June 10 to July 5, 1988. By then, the statute had run as to all of Clawson's involvement in the conspiracy. The government nevertheless argued that it had a six-month grace period to reindict under section 3288 because the statute of limitations had expired after the first indictment was obtained but before it was dismissed. Clawson again moved to dismiss, arguing that section 3288's savings provision explicitly excludes indictments dismissed for failure to comply with the statute of limitations. The district court denied the motion and a jury convicted Clawson of conspiracy and mail fraud. On appeal, he claims the conspiracy count was barred by the statute of limitations.[1]

## II

Dismissal of an indictment obtained near the end of the statute of limitations period can have grave consequences. A technical defect that would normally be easy to fix can bar reprosecution altogether if it isn't noticed until after the statute has run. To prevent this, 18 U.S.C. § 3288 has long given the government an additional six months to reindict where the original indictment was dismissed "for any error, defect, or irregularity with respect to the grand jury" or where an indictment or information, filed after defendant waived prosecution by indictment, was "found otherwise defective or insufficient for any cause." Act of Aug. 30, 1964, Pub.L. No. 88–520, § 1, 78 Stat. 699, *reprinted in* 1964 U.S.C.C.A.N. 795. "[The] underlying concept of § 3288 is that if the defendant was indicted within time, then *approximately the same facts* may be used for the basis of any new indictment [obtained after the statute has run], if the earlier indictment runs into legal pitfalls." *United States v. Charnay,* 537 F.2d 341, 354 (9th Cir.) (quoting *Mende v. United States,* 282 F.2d 881, 883–84 (9th Cir.1960), *cert. denied,* 364 U.S. 933, 81 S.Ct. 379, 5 L.Ed.2d 365 (1961)), *cert. denied,* 429 U.S. 1000, 97 S.Ct. 527, 50 L.Ed.2d 610 (1976); *see United States v. Wilsey,* 458 F.2d 11, 12 (9th Cir.1972) (section 3288 "assur[es] that the continued running of the statute of limitations will not permit the defendant to escape through technicality before correction can be secured"); *United States v. Peloquin,* 810 F.2d 911, 912 (9th Cir.1987) ("The savings clause prevents defendants from reserving legal challenges to indictments until after the applicable statute of limitations has run.").

Were this the end of the story, Clawson would have no plausible argument: The original indictment put him on notice that he was being charged for a conspiracy "[b]eginning in or about July 1987, and continuing until in or about June 1989," Indictment at 4 (June 10, 1993) [ER1 at 4]; it merely failed to name overt acts that occurred between June 10 to July 5, 1988, a defect that was cured by reindictment. But the story continues. In 1988, Congress "simplified" section 3288 by

---

1. Clawson also attacks his convictions on the grounds that the evidence against him was insufficient on all counts, and that the district court erred in refusing to sever his trial from that of his codefendants. We reject these claims and affirm the convictions in an unpublished memorandum disposition filed concurrently herewith.

providing the same six-month grace period "[w]henever an indictment or information . . . is dismissed for any reason." Anti–Drug Abuse Act of 1988, Pub.L. No. 100–690, tit. VII, § 7081, 102 Stat. (1988 U.S.C.C.A.N.) 4181, 4407. Congress also added a final sentence to the new section 3288 stating that it does "not permit the filing of a new indictment . . . where the reason for the dismissal was the failure to file the indictment or information within the period prescribed by the applicable statute of limitations, or some other reason that would bar a new prosecution." *Id.*

This new last sentence seems to exclude Clawson's reindictment from section 3288's savings provision because the district court here dismissed the conspiracy count of the original indictment for failing to allege that one of the elements of the crime (an overt act) took place within the statute of limitations. *See* 18 U.S.C. § 371; *Grunewald v. United States,* 353 U.S. 391, 396, 77 S.Ct. 963, 969–70, 1 L.Ed.2d 931 (1957); *Meyer v. United States,* 220 F. 800, 803 (9th Cir.1915). Clawson urges us to read the last sentence of section 3288 as barring the use of the section's savings provision whenever an indictment is dismissed because of failure to comply with the statute of limitations. But the sentence says more: It denies the government the six-month extension if an indictment is dismissed for failure to meet the statute of limitations "or some *other* reason that would bar a new prosecution." Read in its entirety, this last sentence cuts off the six-month grace period only where the defect—whether it's a limitations problem "or some other" problem—is not capable of being cured.

There are many situations, of course, when giving the government an additional six months to reindict would be unfair to the defendant. Thus, if the original indictment was brought after the limitations period ran on all the alleged criminal conduct, allowing reindictment under section 3288 would obliterate the statute of limitations: A defendant could be indicted two years after the statute had run and, when the court dismissed, the prosecution could simply reindict within six months, free from the limitations bar. In

such circumstances, reindictment is not possible under section 3288. The matter is much different where the original indictment is brought within the limitations period, but is dismissed for failure to allege the exact elements of the crime, or some other technical reason. In the latter circumstance, a valid indictment could have been brought in a timely fashion; the six-month grace period merely allows the government to do what it had a right to do in the first place.

Clawson's case falls in the category of cases where reindictment is permissible within six months because the original indictment was within the limitations period. Clawson was charged on June 10, 1993, for a conspiracy in which he participated until July 5, 1988. Immediate dismissal for failure to allege an overt act after June 10, 1988, still left an alleged conspiracy that continued for some weeks afterwards. *See United States v. Read,* 658 F.2d 1225, 1233 (7th Cir.1981) ("A defendant's withdrawal from the conspiracy starts the running of the statute of limitations as to him."). Thus, Clawson was charged within the statutory period with the exact crime for which he could have been prosecuted had there not been a defect in the indictment. Section 3288 was designed to apply in this situation. *See Charnay,* 537 F.2d at 354 ("Allowing a second indictment to remedy legal deficiencies present in the first is the very purpose for which § 3288 was enacted."). The district court therefore properly allowed a superceding indictment under 18 U.S.C. § 3288.

**AFFIRMED.**