**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-30134 |
| Plaintiff-Appellee, | D.C. No. 3:07-cr-00028-RRB-1 |
| v. | |
| MARK J. AVERY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted August 15, 2018
Anchorage, Alaska

Before:  HAWKINS, McKEOWN, and OWENS, Circuit Judges.

Mark Avery ("Avery") appeals his convictions and 160-month sentence for wire fraud, money laundering, bank fraud, and making false statements to a federally insured bank.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Avery's motion for specific performance of his plea agreement was properly denied.[1]  That agreement specifically provided for re-prosecution if Avery's conviction or sentence were modified or set aside for any reason at any time.  Since the district court vacated Avery's convictions and sentence, re-prosecution was allowed. *See United States v. Lo*, 839 F.3d 777, 783 (9th Cir. 2016) (courts generally enforce the plain language of a plea agreement that is clear and unambiguous on its face (citing *United States v. Jeronimo*, 398 F.3d 1149, 1152 (9th Cir. 2005), *overruled on other grounds by United States v. Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc))).  In any event, Avery breached his plea agreement by recanting "admissions to having committed the acts that formed the basis for" his conviction.[2] *United States v. Sandoval-Lopez*, 122 F.3d 797, 802 (9th Cir. 1997).

The Indictment was timely since it related back to the earlier Information.[3] *See United States v. Hickey*, 580 F.3d 922, 929 (9th Cir. 2009) (filing of a charging

---

[1] Though this court has not resolved whether the interpretation and construction of a plea agreement is reviewed for clear error or de novo, *see United States v. Plascencia-Orozco*, 852 F.3d 910, 916 (9th Cir. 2017), we affirm under either standard of review.

[2] This necessarily forecloses Avery's vindictive-prosecution claim.  *See United States v. Herrera*, 640 F.2d 958, 962 (9th Cir. 1981) ("Neither the breach of a plea bargain nor the decision to terminate plea negotiations constitutes vindictive prosecution.").

[3] We review "de novo a district court's decision not to dismiss an indictment on statute of limitations grounds." *United States v. Leo Sure Chief*, 438 F.3d 920,

instrument tolls the statute of limitations as to all charges contained in it (citing *United States v. Clawson*, 104 F.3d 250, 250–51 (9th Cir. 1996))).  Both allege violations of the same statute, involve the same fundamental accusations, and rely on "substantially the same" allegations.  *United States v. Liu*, 731 F.3d 982, 997 (9th Cir. 2013) (quoting *United States v. Pacheco*, 912 F.2d 297, 305 (9th Cir. 1990)).  And so, Avery received "notice of the charges against him" and knew that he would "be called to account for certain activities and should prepare a defense."  *Id.* (quoting *Pacheco*, 912 F.2d at 305).

The jury instructions were proper.[4]  Although Avery claims entitlement to a good-faith instruction, the specific-intent instruction sufficed.  *See United States v. Green*, 745 F.2d 1205, 1209 (9th Cir. 1984) (defendant not entitled to separate good faith instruction when an adequate instruction on specific intent is given (citing *United States v. Cusino*, 694 F.2d 185, 188 (9th Cir. 1982))).  Nor was there error in giving a supplemental deliberate-ignorance instruction; Avery waived any hypothetical error by helping craft the instruction rather than objecting to it.  *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (an error is waived and

922 (9th Cir. 2006) (citing *Ellis v. City of San Diego*, 176 F.3d 1183, 1188 (9th Cir. 1999)).

[4] "We review the formulation of jury instructions for abuse of discretion, but review de novo whether those instructions correctly state the elements of the offense and adequately cover the defendant's theory of the case."  *United States v. Liew*, 856 F.3d 585, 595–96 (9th Cir. 2017) (citations omitted).

3

unreviewable where defendant has both invited the error and relinquished a known right).

Sufficient evidence supports the verdict.[5] "[V]iewing the evidence in the light most favorable to the prosecution," *Kaplan*, 836 F.3d at 1211–12 (quoting *Sullivan*, 522 F.3d at 974), Avery fraudulently obtained over $50 million by promising to purchase long-range aircraft for trust-related purposes. Rather than following through with that promise, Avery used those funds to pay off personal debts and purchase a slew of ego toys for his family and friends—expenditures that provided no benefit to the trust or its beneficiary. Separately, Avery submitted a personal financial statement to Wells Fargo Bank that characterized assets purchased with trust-backed funds as his own, yet failed to list the $50 million loan encumbering those assets as a liability. Given this evidence, "*any* rational trier of fact could have found the essential elements of" wire fraud, money laundering, bank fraud, and making false statements to a bank "beyond a reasonable doubt." *Id.* (emphasis in original) (quoting *Sullivan*, 522 F.3d at 974).

---

[5] We review "sufficiency of the evidence de novo." *United States v. Kaplan*, 836 F.3d 1199, 1211 (9th Cir. 2016) (citing *United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir. 2008) (per curiam)).

Although Avery argues otherwise, the challenged evidentiary rulings did not constitute an abuse of discretion.[6] For instance, Avery's assertion that the district court improperly excluded certain testimony as hearsay, misconstrues the facts. In reality, Avery was allowed to elicit multiple instances of hearsay and only met objections where duplicative testimony threatened to derail the trial. Likewise, there was no abuse of discretion in admitting testimony relating to the co-trustees' reactions to Avery's fraud as non-hearsay. Such opinion testimony—devoid of any statement—is not hearsay. *See* Fed. R. Evid. 801(c) (limiting hearsay to statements offered "to prove the truth of the matter asserted"); *cf.* Fed. R. Evid. 803(1) (allowing statements "describing or explaining an event or condition, made while or immediately after the declarant perceived it").

Nor was there an abuse of discretion in denying Avery's discovery request regarding Rob Kane's government informant status.[7] To compel discovery in a criminal case, "[a] defendant must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." *United States v. Muniz-Jaquez,*

---

[6] We review evidentiary rulings for abuse of discretion. *United States v. Hanna*, 293 F.3d 1080, 1085 (9th Cir. 2002) (citations omitted).

[7] We review discovery rulings for abuse of discretion. *United States v. Alvarez*, 358 F.3d 1194, 1210 (9th Cir. 2004) (citing *United States v. Michaels*, 796 F.2d 1112, 1115–17 (9th Cir. 1986)).

718 F.3d 1180, 1183 (9th Cir. 2013) (quoting *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010)). Avery sought this discovery in hopes of presenting an entrapment defense, which would have required him to prove, among other things, that he "was induced to commit the crime by a government agent[.]" *United States v. Cortes*, 757 F.3d 850, 858 (9th Cir. 2014) (quoting *United States v. Spentz*, 653 F.3d 815, 818 (9th Cir. 2011)). Since Avery failed to make that threshold showing, the district court did not abuse its discretion.

Finally, there was no abuse of discretion in denying Avery's motion for new counsel.[8] The trial-strategy dispute at issue here is not the type of "extensive, irreconcilable conflict" warranting new counsel. *United States v. Mendez-Sanchez*, 563 F.3d 935, 943 (9th Cir. 2009) (quoting *United States v. Smith*, 282 F.3d 758, 763 (9th Cir. 2002)); *see United States v. Reyes-Bosque*, 596 F.3d 1017, 1034 (9th Cir. 2010) ("As we have said before, '[l]itigation tactics are decisions generally left to defense counsel,' and, without more, may not provide a sufficient basis for establishing conflict." (alteration in original) (quoting *Smith*, 282 F.3d at 763)). And the finding that Avery's motion—which promptly followed the denial of a

---

[8] "We review the denial of a motion for substitution of counsel for abuse of discretion." *United States v. Nguyen*, 262 F.3d 998, 1004 (9th Cir. 2001) (citing *United States v. Corona-Garcia*, 210 F.3d 973, 976 (9th Cir. 2000)). We review the district court's factual findings for clear error. *United States v. Adelzo-Gonzalez*, 268 F.3d 772, 777 (9th Cir. 2001) (citing *United States v. Wadsworth*, 830 F.2d 1500, 1505–06 (9th Cir. 1987)).

continuance motion and evinced an effort "to avoid trial and manipulate the system"—was untimely is not clearly erroneous. Because two of the relevant factors clearly weigh against substitution, *see id.* at 1033 (outlining the factors), the district court did not abuse its discretion.

**AFFIRMED.**